(No. 44729

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. ROBERT L. COPE, Appellant.

*Order entered June 1, 1973.*

SCHAEFER and WARD, JJ., dissenting.

Robert L. Cope, *pro se,* appellant.

No appearance for appellee.

PER CURIAM: The defendant was tried by jury and convicted of the crime of burglary, and thereafter he entered pleas of guilty to two other charges of burglary and was sentenced to concurrent terms of not less than three nor more than ten years on the three convictions. His post-conviction petition was denied without hearing evidence, and he has appealed. We granted counsel's motion for leave to withdraw after he submitted a brief as required by *Anders v. California,* 386 U.S. 738. No *pro se* brief has been filed, although defendant was granted leave to do so.

After interviewing the defendant and reading the transcript, appointed counsel elected to stand on the *pro se* petition. That petition alleged that evidence obtained in an illegal search was used against the defendant; that the indictments did not specify the time of day the offenses were committed; and that defendant was under the influence of drugs at the time of his convictions and did not understand the admonishment of the court.

An affidavit by the attorney who had represented the defendant at the time he entered guilty pleas stated that the defendant wanted to so plead because the evidence would probably have convicted him and that he wanted to be sure and receive concurrent sentences. Such affidavit also stated that defendant did not appear to be under the influence of drugs and appeared to be fully aware of the consequences of his pleas. The transcript of the proceedings shows that defendant was admonished adequately of his right to a jury trial and the consequences of his pleas. Defendant stated that he was guilty of one burglary but only "partially guilty" of the other, since he had not participated in the burglary itself, but had bought the

stolen property. Defendant stated that he should have been charged with possession of stolen goods but agreed to a plea of guilty to burglary, because it was "the same difference." In our opinion the trial court did not violate defendant's constitutional rights by accepting his pleas of guilty.

The statement concerning the illegal search was entirely unsupported by any facts or affidavits, and it was brought out at the post-conviction hearing that a warrant had been issued for defendant's arrest, although the warrant was not in the physical possession of the officer who had arrested him. This allegation was insufficient to require a hearing.

The judgment of the circuit court of Cook County is therefore affirmed.

*Judgment affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

In my opinion a plea of guilty may not be accepted when the defendant protests that he is not guilty, and for that reason I cannot concur in the court's disposition of this matter.

In this case, when he was asked if he was pleading guilty because he was guilty, his response was, "Just partially guilty on the one." The following colloquy then took place:

> "THE COURT: When you say partially guilty, what do you mean by that?
>
> THE DEFENDANT: I didn't commit the burglary but I bought the checks and check writer.
>
> THE COURT: You didn't commit the burglary but did what?
>
> THE DEFENDANT: I bought the checks and check machine that come from it.
>
> THE COURT: Did you aid in the commission of that burglary?
>
> THE DEFENDANT: No, I did not.
> * * *
> THE COURT: Why are you pleading guilty to that?

Because, as counsel states, that the chances of going to trial, your chances as you see it are slim, as I gather it?

THE DEFENDANT: No, the charge is burglary. I am not guilty of the burglary but I am guilty of having possession of some of the items. I didn't commit the burglary myself.

THE COURT: Do you still wish to plead guilty to that indictment? Is that right?

THE DEFENDANT: It could be the same difference. It is just the charge on the indictment, isn't proper, it should be possession of stolen property.

\* \* \*

THE COURT: Considering the totality of the circumstances, I will accept your pleas on both indictments, 1114 and 1115."

MR. JUSTICE WARD joins in this dissent.