(No. 48646

*In re* JEFFERY HAGGINS, a Minor, Appellant.—(The People of the State of Illinois, Appellee.)

*Opinion filed June 1, 1977.*

CLARK, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender and John Thomas Moran, Chief, Appeals Division, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Following the filing in the circuit court of Cook County of a two-count petition alleging him to be

delinquent by reason of having committed the offenses of battery and intimidation, 16-year-old Jeffery Haggins, represented by the public defender, "entered an admission" to the battery count of the petition. The intimidation charge was dismissed by the State, and respondent was subsequently recommitted to the Department of Corrections. He appealed, the Appellate Court for the First District affirmed (38 Ill. App. 3d 542), and we allowed respondent's petition for leave to appeal.

The issue here arises from the alleged inadequacy of the proceedings at the time of respondent's "admission" (the functional equivalent, under the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—1 *et seq.*) of a plea of guilty). Those proceedings included the following colloquy:

> "MR. FISHMAN: [assistant public defender] Your Honor, we have advised him of his constitutional rights and the consequences of waiving those rights. We have also spoken to the State's Attorney and as the result of these negotiations and the further conversation with the minor respondent, he will enter an admission to Count I of the petition. The State is asking for a finding.
>
> MR. RAAB: Yes, we are, your Honor.
>
> PAROLE OFFICER: He is on authorized absence from Valley View Illinois Youth Center. He is allowed to come home from Monday to Friday. He is supposed to go back on Saturday. He is on authorized absence. He returns to Valley View on Friday night.
>
> THE COURT: So, he is not on unauthorized absence?
>
> PAROLE OFFICER: No.
>
> THE COURT: You understand, Mr. Higgins [*sic*] you admit to the offense of battery?
>
> MINOR RESPONDENT: Yes.
>
> THE COURT: You understand what battery is, you struck somebody?
>
> A. Yes.
>
> THE COURT: Are you admitting it because it is true?
>
> MINOR RESPONDENT: Yes.
>
> THE COURT: You understand even though I have

made a finding of delinquency, you are entitled to appeal from my decision and you would be furnished with a lawyer and the expense of an appeal if you did not have one?

MINOR RESPONDENT: Yes.

THE COURT: Can you tell me why you did this?

MINOR RESPONDENT: We were talking at first. I guess he was going to hit me. I turned and hit him back. I caught him before he had a chance to hit me.

THE COURT: He did not hit you?

MINOR RESPONDENT: He tried.

THE COURT: You caught him?

MINOR RESPONDENT: Yes."

While counsel do not agree upon the phraseology of the issue presented, the basic concern is as to the standards to be applied by a trial court, acting under the Juvenile Court Act, in its acceptance of an admission by a minor that he engaged in the misconduct alleged.

Respondent argues that our Rule 402 (58 Ill. 2d R. 402), which sets forth standards governing acceptance of guilty pleas in criminal proceedings, applies to juvenile court actions. We have quite recently held, however, that it does not. *In re Beasley* (1977), 66 Ill. 2d 385.

Respondent also urges that either section 1—2(3)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 701—2(3)(a)) or basic due process considerations require application of a similar if not identical rule. Consequently, it is argued, the court must determine that a factual basis for the admission exists and that it is voluntarily made with an understanding of the nature of the charge. That duty is said not to have been fully discharged here because respondent's answers to the court's questions indicated the possibility of an affirmative defense of self-defense which the trial court left unexplored. As a result, suggests respondent, the case must be remanded for further inquiry regarding the circumstances surrounding the offense.

Similar arguments were considered by us in *Beasley,* where we held that section 1—2(3)(a) of the Juvenile Court Act does not require the use of Rule 402 in juvenile

court proceedings but only requires that constitutionally mandated protections for guilty pleas be observed. Juveniles are entitled to due process (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428), insuring that admissions be made intelligently and voluntarily. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) It is undisputed that Haggins' admission in this case was voluntary, but it is urged that the court's definition of battery as "you struck someone" is inaccurate in that it omitted the requirement that the striking be without legal justification, and therefore respondent's admission was not made intelligently. This court has upheld guilty pleas, however, in circumstances indicating greater dubiety (*People v. Cope* (1973), 61 Ill. 2d 226), and where the only explanation by the court consisted of "[y]ou are charged with rape" (*People v. Robinson* (1976), 63 Ill. 2d 141, 144). *Robinson* and other opinions there cited hold the entire record may be considered in determining whether the plea is intelligently made, and the Supreme Court has called particular attention to the helpful role of counsel in juvenile cases. *In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.

Here the public defender informed the court that he had negotiated with the State's Attorney and informed respondent of his constitutional rights, and that "as the result of these negotiations and the further conversation with the minor respondent, he will enter an admission to Count I." Respondent was 16 years old, and had been before the court and committed to the Department of Corrections on prior occasions. There was, during the proceedings now before us, no intimation by counsel that respondent had acted in self-defense. In our judgment something more than respondent's self-serving response that he "guessed" he was going to be struck is necessary before his admission need be vacated and the cause remanded for further inquiry into the circumstances surrounding the offense.

We find in this juvenile proceeding no violation of due process, and the judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK, dissenting.