*In re* D.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, *v.* D.S. *et al.*, Respondents-Appellants).

First District (2nd Division) Nos. 82—2311, 82—2312 cons.

Opinion filed March 6, 1984.

Steven Clark and Elizabeth Clarke, both of State Appellate Defender's Office, of Chicago, for appellant D.S.

P. Scott Neville, Jr., and Leroy W. Bannister, Jr., both of Chicago, for appellant S.K.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan and James J. Pink, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

This consolidated appeal[1] involves two petitions for adjudication of wardship filed against minor-respondents, D.S. and S.K., for the offense of battery. Both respondents, D.S. in No. 82—2311 and S.K. in No. 82—2312, were 14 years old at the time the petitions were filed. After separate hearings, D.S. and S.K. were adjudged wards of the court and committed to the custody of the Department of Corrections. On appeal, S.K. contends that: (1) the circuit court's failure to admonish her of the consequences of her admission and to determine if her admission was intelligently made violated her right to due process; and (2) the failure of her appointed counsel to file a motion to withdraw her admission and vacate the judgment constitutes ineffective assistance of counsel. D.S. asserts that: (1) her admission was involuntary; (2) her commitment to custody of the Department of Corrections was an abuse of discretion and violation of her right to equal protection; (3) the court failed to apply the proper standard in selecting the disposition, i.e., the preference for the dispositional alternative most nearly equivalent to a family home; and, (4) she was denied effective assistance of counsel during the commitment proceedings.

Nothing in the circuit court record in either case reveals a court admonition to the juveniles or their parents with respect to their rights at their first appearance in court, as mandated by section 1—20(3) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701—

---

[1]Because of the similarity of the issues raised, we have consolidated these appeals *sua sponte*.

20(3)). At that hearing, both respondents and their respective mothers stood mute before the bench while an assistant public defender sought and obtained the court's appointment as respondents' counsel. Appointed counsel immediately thereafter informed the court that respondents had been instructed as to the consequences of their admissions and that they were waiving their rights to trial. The State and defense counsel then stipulated to facts alleged in the petition for adjudication of wardship. The circuit court accepted the admissions of the respondents; entered its findings of delinquency; and found that it would be in respondents' and the community's best interests that they be made wards of the court.

At dispositional hearings subsequently held, social service investigation reports were presented by the probation officer and considered by the circuit court. Thereafter, the findings of the circuit court were entered and the respondents were committed to custody of the Department of Corrections.

Following the foregoing determination, the circuit court outlined respondents' appeal rights, advising them that before they could appeal they must file a written motion within 30 days after the entry of the dispositional orders asking to have the finding and adjudication set aside and for permission to withdraw their admissions. The court also advised respondents that their motions must set forth the reasons why the court should grant the request and that if they were indigent the court would appoint an attorney to aid in preparation of their motions and provide them with a free transcript. Respondents were also advised that an issue not raised in their petition to withdraw their admissions would not be considered on appeal.

The principal issue raised in this appeal is whether respondents' admissions were voluntarily and intelligently made. Because of our determination that respondents' due process rights were violated, the remaining issues need not be addressed.

The State maintains that due process was satisfied respecting respondents' admissions because the record demonstrates that respondents were aware of the consequences of their admissions, understood their rights against self-incrimination and to confront their accusers, and affirmatively waived such rights. This contention is based upon representation to the court that defense counsel advised respondents of those rights and consequences at the hearing.

Juvenile proceedings are not criminal in nature; nevertheless, certain due process safeguards have been extended for the protection of juveniles in furtherance of fundamental fairness. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; *In re S.R.H.* (1983), 96

Ill. 2d 138, 144, 449 N.E.2d 129, 131, quoting *In re Beasley* (1977), 66 Ill. 2d 385, 390, 362 N.E.2d 1024, 1026, *cert. denied* (1978), 434 U.S. 1016, 54 L. Ed. 2d 761, 98 S. Ct. 734 *(Beasley).)* Juvenile proceedings must conform to such due process protections as will ensure that admissions are made intelligently and voluntarily. *(In re Haggins* (1977), 67 Ill. 2d 102, 364 N.E.2d 54; *Beasley; In re F. D.* (1980), 89 Ill. App. 3d 223, 411 N.E.2d 1200; *In re Johnson* (1981), 102 Ill. App. 3d 1005, 429 N.E.2d 1364.) The supreme court in *Beasley,* in reviewing the records involved in similar circumstances, stated that they must show an affirmative awareness of the consequences of an admission, observing (66 Ill. 2d 385, 397):

> "In the three cases now before us, in addition to each minor being represented by counsel, the court addressed each one and ascertained that he knew that he had a right to deny allegations of the petition and require the State to prove the charges against him; to have a trial by the court and to confront the State's witnesses. Each was also informed that as a result of the admission the court could commit the minor to a State institution. In addition to these admonishments common to all three proceedings each judge further interrogated the minor concerning his understanding of his rights. We believe that the record in each of these cases discloses that the minors understood the consequences of their admissions. These warnings and interrogations, together with the fact that each minor was represented by counsel who stated he had informed his client of his constitutional rights which could be waived by an admission, lead us to conclude that the admissions made in these cases were voluntary and intelligent in nature and comported in all respects with the requirements of due process."

■ As demonstrated in *Beasley,* and observed in subsequent cases, the entire record may be searched to determine the state of a juvenile's knowledge; however, such knowledge cannot be presumed merely because the record shows the juvenile had counsel. *(In re Haggins* (1977), 67 Ill. 2d 102, 106; *In re Starks* (1978), 60 Ill. App. 3d 934, 936, 377 N.E.2d 590, 592.) The due process rights of a juvenile do not rest merely on counsel's representations that a juvenile understands the rights and consequences of his or her admission alone; the record must indicate that the court itself affirmatively determined the juvenile's admission was voluntary and intelligently made.

The one-page record of the adjudicatory hearing in the present case reveals only the following colloquy:

> "THE CLERK: Sheet 12 line 21, *** [S.K.], companions with

*** [D.S.], sheet 9 line 16.

*** [PUBLIC DEFENDER]: Your Honor, present before you is *** [D.S.] and her mother and *** [S.K.], and her mother. We would be asking for appointment on this.

THE COURT: You are appointed.

*** [PUBLIC DEFENDER]: At this time we would be asking leave to enter admission to the petition as alleged. I informed the minors of their right to trial and consequences of their admission today. We would be asking the Court to enter—order a supplemental social investigation.

THE COURT: All right. Factual basis.

*** [STATE'S ATTORNEY]: The State would stipulate to the facts as outlined in the petition.

*** [PUBLIC DEFENDER]: So stipulated your Honor.

THE COURT: All right. I will accept admission. There will be finding of delinquency. Further finding by the Court it would be in the best interest of the minor and community that each of them be made wards of the Court. Social will be 8/23/82, at 9:00 o'clock, Calendar 26."

■ The foregoing indicates respondents appeared in court with their mothers, represented by counsel just appointed, who informed the court that she advised respondents of their rights. Respondents were asked no questions by counsel or court and in fact, it appears they stood before the court without uttering a single word.

This "silent record" does not demonstrate fulfillment of section 1—20(3) admonitions (*In re Moore* (1980), 87 Ill. App. 3d 1117, 409 N.E.2d 435) or of *Beasley* requirements prior to the acceptances of respondents' admissions. (*Boykin v. Alabama* (1969), 395 U.S. 238, 242, 23 L. Ed. 2d 274, 279, 89 S. Ct. 1709, 1712; *In re Beasley* (1977), 66 Ill. 2d 385, 392.) Fundamental fairness under the circumstances presented requires more.

Accordingly, we reverse and vacate the adjudications of wardship and dispositions, and remand the D.S. petition (No. 82—2311) and the S.K. petition (No. 82—2312) to the circuit court to permit respondents to withdraw their admissions and direct the circuit court to proceed with new adjudication and dispositional hearings. Pursuant to our holding, we need not determine the competency of counsel at the previous hearings or the propriety of the dispositions effected.

Reversed, vacated and remanded with directions.

STAMOS and PERLIN, JJ., concur.