140 Ill. App.3d 52 (1986)
488 N.E.2d 313
In re D.L.B., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
D.L.B., Respondent-Appellant).
No. 4-85-0440.
Illinois Appellate Court  Fourth District.
Opinion filed January 13, 1986.
*53 Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.
Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and William R. Brandstrader, all of State's Attorneys Appellate Service Commission, of counsel), for the People.
Reversed and remanded.
JUSTICE SPITZ delivered the opinion of the court:
In a proceeding under the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 701-1 et seq.), minor-respondent, D.L.B., entered an admission to a probation violation and was thereafter committed to the Department of Corrections. Respondent appeals, alleging that the circuit court's failure to admonish him of the consequences of his admission and determine that his admission was intelligently made violated his right to due process.
We reverse and remand.
Respondent was adjudicated delinquent on January 28, 1985, and was placed on probation for a term of 15 months. As a condition of probation, respondent was to serve his term at the Gateway facility. On May 31, 1985, the State filed a petition which charged that respondent violated an imposed condition of probation "in that he did on or about May 20, 1985, absent himself from the custody of the Gateway facility * * * after consciously choosing to no longer participate in the program offered by Gateway Foundation as ordered by the court."
A hearing on the alleged probation violation was held on June 21, *54 1985, and respondent was represented by the public defender. At the onset of the hearing, the court and respondent's counsel engaged in the following colloquy:
"`THE COURT: [D.L.B.] 82-J-263 Assistant State's Attorney present. Probation officer present. Minor present with counsel. Mother present. Cause called for hearing on report of violation of probation. Position of the minor?
[PUBLIC DEFENDER]: [If] the Court please, this is the violation, I take [it], May 30, 1985?
THE COURT: Correct.
[PUBLIC DEFENDER]: In spite of the recommendation that I am aware of, namely that he be sent to the Department of Corrections, I have advised him and his mother of that; and they have advised me that they would admit the allegation of the petition and would like to proceed to a dispositional hearing.
THE COURT: Minor and mother admit the report of violation of probation dated May 30, 1985. Cause called for further dispositional hearing.'"
The court then immediately proceeded with the dispositional hearing. At the conclusion of the hearing, the findings of the circuit court were entered and respondent was committed to the Department of Corrections.
Following the foregoing determination, the court fully admonished the respondent with regard to his appeal rights pursuant to Supreme Court Rule 605(b) (87 Ill.2d R. 605(b)). Among other things, respondent was admonished that before he could appeal, he would be required to file a motion to withdraw his admission and vacate the judgment, alleging error in the proceedings.
The record reveals that no motion to withdraw the admission pursuant to Supreme Court Rule 604(d) was filed (94 Ill.2d R. 604(d)). Rather, on June 26, 1985, respondent's counsel filed a notice of appeal. On appeal, respondent contends that the circuit court's failure to admonish him of the consequences of his admission violated his right to due process of law.
Our initial concern, however, is whether respondent is precluded from a review of this contention because he failed to file a motion to vacate pursuant to Supreme Court Rule 604(d).
 1 In criminal proceedings, a motion to vacate is a prerequisite to an appeal from a judgment entered on a guilty plea, where the issue raised is the voluntariness of the plea. (People v. Frey (1977), 67 Ill.2d 77, 364 N.E.2d 46.) The basic purpose of Rule 604(d) is to expeditiously *55 dispose of cases where issues are raised concerning matters not fully developed in the plea proceedings. Thus the rule insures that constitutional claims which arise dehors the record will be first directed to the trial court. 67 Ill.2d 77, 83, 364 N.E.2d 46, 48-49.
Rule 604(d) has been found applicable to appeals by minors who have been adjudicated delinquent following an admission. (87 Ill.2d R. 660(a); In re F.D. (1980), 89 Ill. App.3d 223, 228, 411 N.E.2d 1200, 1204; In re Thomas (1979), 77 Ill. App.3d 299, 301, 396 N.E.2d 31, 33.) These appeals, however, involved the specific issue of the voluntariness of an admission relating to an agreement with the State which was not clearly of record. Because the record was incomplete as to the terms of the agreement, it was found proper to dismiss an appeal where the minor failed to comply with Rule 604(d), as compliance would have resulted in a more complete record.
On the other hand, it has been held that where the resolution of an issue was not dependant upon matters beyond the record, this removed the case from the basic purpose of Rule 604(d). (In re Buchanan (1978), 62 Ill. App.3d 463, 379 N.E.2d 122.) In so holding, the Buchanan court found that the minor's failure to seek relief in the circuit court via a motion to vacate was not fatal to the appeal.
 2 Likewise, in the instant case, the resolution of respondent's contention does not depend on the development of matters beyond the record. On that basis, we find that respondent's failure to file a motion to vacate in accordance with Rule 604(d) is not fatal to the appeal in this instance.
 3 Furthermore, as a matter of public policy, Illinois courts are under a duty to carefully guard the rights of a minor and take note of legitimate and substantial errors in proceedings involving minors. (In re Carson (1973), 10 Ill. App.3d 387, 388-89, 294 N.E.2d 75, 76-77.) Supreme Court Rule 615(a) (87 Ill.2d R. 615(a)) permits us to review plain errors or defects that affect substantial rights or relate to fundamental fairness, even though not brought to the attention of the trial court. (People v. Pickett (1973), 54 Ill.2d 280, 296 N.E.2d 856; People v. Jackson (1981), 84 Ill.2d 350, 418 N.E.2d 739.) As it is plainly apparent from the instant record that an error affecting substantial rights exists, we find this doctrine applicable here. People v. Waldorf (1981), 94 Ill. App.3d 976, 419 N.E.2d 428.
For these reasons, we choose to proceed to a determination of this cause on its merits, despite respondent's failure to file a motion to vacate.
Respondent contends that the circuit court's failure to admonish him of the consequences of his admission and determine whether his *56 admission was made voluntarily and intelligently constituted a denial of due process of law. The State argues that due process was satisfied respecting the admission because the record taken in toto demonstrates respondent was aware of the consequences of his admission.
 4, 5 Although juvenile proceedings are not criminal in nature, certain procedural due process safeguards have been extended for the protection of juveniles in furtherance of fundamental fairness. (In re Gault (1967), 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428; In re Beasley (1977), 66 Ill.2d 385, 390, 362 N.E.2d 1024, 1026, cert. denied (1978), 434 U.S. 1016, 54 L.Ed.2d 761, 98 S.Ct. 734.) Juvenile proceedings involving admissions by minors must conform to such due process protections as will ensure that the admissions are made intelligently and voluntarily. In re Haggins (1977), 67 Ill.2d 102, 364 N.E.2d 54.
 6 The supreme court has enunciated the standards to be followed in accepting juvenile admissions. The trial court is not required to recite to a minor a litany of the rights which are waived by an admission. (In re Beasley (1977), 66 Ill.2d 385, 392, 362 N.E.2d 1024, 1027.) Rather, due process requirements are satisfied if it is apparent from the record that a minor was aware of the consequences of his admission; "that is, that they understood their rights against self-in-crimination, their rights to confront their accusers and their right to a trial; that by the admissions they waived these rights and that the waiver conferred upon the court the authority to treat them in a manner authorized by the Juvenile Court Act." 66 Ill.2d 385, 392, 362 N.E.2d 1024, 1027.
The records before the Beasley court disclosed that the minors understood the consequences of their admissions. The minors were represented by counsel and were addressed by the court. It was ascertained that each minor knew he had a right to deny the allegations of the petition, requiring the State to prove the charges against him, to a trial by the court and to confront witnesses. The minors were also informed that as a result of their admission, they could be committed to a State institution. Moreover, counsel for each minor stated that he had informed his client of the constitutional rights which could be waived by an admission.
 7 The present record does not comport with the standards as set forth in Beasley. Respondent appeared at the hearing with his mother and was represented by counsel. Counsel informed the court that respondent admitted to the probation violation and the court accepted the admission. Respondent was asked no questions by his counsel or the court. No admonitions were given by the court with respect *57 to the consequences of an admission. More significantly, we find no representation by counsel that respondent was informed of the constitutional rights which could be waived by his admission. Nor was this ascertained by the court. Instead, counsel stated, "[i]n spite of the recommendation that I am aware of, namely, that he be sent to the Department of Corrections, I have advised him and his mother of that; and they have advised me that they would like to proceed to a dispositional hearing."
It is the State's contention that the record taken in toto demonstrates that due process was satisfied. The State maintains that testimony of respondent's mother and probation officer at the subsequent dispositional hearing support the proposition that respondent fully understood the consequences of his admission. We are not persuaded by this argument, however, as this testimony reveals only that respondent was aware he could be committed to the Department of Corrections.
 8 As the State argues, the entire record may be searched to determine the state of a juvenile's knowledge. (In re Beasley (1977), 66 Ill.2d 385, 362 N.E.2d 1024.) However, a knowing and voluntary waiver cannot be presumed from a silent record. In re Beasley (1977), 66 Ill.2d 385, 362 N.E.2d 1024; In re D.S. (1984), 122 Ill. App.3d 326, 461 N.E.2d 527.
Here, there is no indication that respondent was aware of anything other than the possibility of commitment to the Department of Corrections. The record is silent as to whether respondent was ever informed of his due process rights or that his admission waived these rights. Accordingly, we find under these circumstances that respondent's admission was not made intelligently and voluntarily.
For the foregoing reasons, we reverse the order of the circuit court of Macon County adjudging respondent in violation of his probation and committing him to the Department of Corrections, and the cause is remanded to permit respondent to withdraw his admission and plead anew.
Reversed and remanded.
McCULLOUGH, P.J., and GREEN, J., concur.