*In re* B.R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. B.R., a Minor, Respondent-Appellant).

First District (4th Division)   No. 86—2872

Opinion filed December 10, 1987.

Paul P. Biebel, Jr., Public Defender, of Chicago (Thomas N. Swital, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Lynda A. Peters, and Paul W. Groah, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

A petition for the adjudication of wardship was filed against the minor-respondent alleging in four counts that he had committed the offenses of armed robbery and aggravated battery. Respondent entered an admission to the charge of armed robbery which was set forth in count I. As a result, he was adjudicated a delinquent, made a ward of the court and committed to the Department of Corrections. In this appeal respondent contends that he was denied due process of law by the trial court's failure to admonish him as to the consequences of his admission and the failure to determine whether his admission was made knowingly and intelligently.

We affirm the judgment of the trial court.

BACKGROUND

The record shows that the incident giving rise to the allegations in the petition occurred in a wooded area of River Forest, Illinois, about 3:30 p.m., on February 8, 1986. A probable cause hearing was conducted two days later, and at that time River Forest police officer Thomas Ludvik testified that on the date in question he and his partner responded to a call of an armed robbery in the area of Thatcher and Hawthorne. There he met Joseph Murrell, Frank Marcico, David Healy, and Healy's parents and was informed that the three boys had been robbed by six Latino youths who had a crowbar. Healy told him that the offenders had taken a pair of black vinyl gloves from him, and Marcico stated that he had been threatened with a crowbar and that $2 had been taken from him. Murrell informed him that the offenders had taken a pair of blue thermal gloves from him and that they had struck him twice on the back with a crowbar.

The officer then went to First Avenue and Lake Street, where he observed six youths running northbound into the wooded area which was located there. He and his partner apprehended them and took them to the station, where the victims identified them as the persons who had attacked them. At the hearing Ludvik identified four of these individuals, including respondent.

At the conclusion of this testimony, the court entered a finding of

probable cause, and the proceedings were continued variously on two occasions until May 5, 1986, when respondent and his three cohorts appeared before the court accompanied by respective counsel. At that time the State presented a motion to dismiss the supplemental petition which had been filed regarding the respondent and it was accepted by the court. The court then ascertained who was present on behalf of each youth, and respondent advised the court that his mother and brother were with him.

At that point respondent's counsel informed the court of his clients' desire to withdraw the previously entered denials as to count I of each petition, and asked the court to accept admission to that charge. Counsel then stated:

"Fellas, is anybody forcing you to plead guilty to this charge?

MINOR RESPONDENT R.: No.

MINOR RESPONDENT L.: No.

MR. POLANCE [Defense Counsel]: And you understand what a juvenile court judge could possibly impose as disposition in these matters?

MINOR RESPONDENT R.: Yes.

MINOR RESPONDENT L.: Yes.

MR. POLANCE: You could be placed on a period of probation for a period up to five years. You could be sentenced to the Audy Home, not to exceed 30 days, or you could be committed to the Department of Corrections.

You understand that? You understand what the Court could do?

MINOR RESPONDENT L.: Yes.

MINOR RESPONDENT R.: Yes.

MR. POLANCE: Yes.

THE COURT: All right."

The attorney who was representing the other two accused made the same request, and both counsel stipulated that the facts as stated in count I alleging the armed robbery of David Healy were sufficient to support a factual basis for these admissions. Respondent's counsel then invited the State to identify the witnesses who were present in court, and it was noted for the record that the victims and their parents and relatives, as well as both police officers, were there. The court then accepted the admissions, entered a finding of delinquency as to count I, and granted the State's motion to strike the remaining counts.

At the dispositional hearing, which was conducted at a later date,

the probation officer apprised the court of respondent's background, which included a one-year period of supervision on a criminal damage to property offense, one-year probation with the first 30 days in the detention center on a reduced charge of battery, and another 30 days served on the supplemental petition which was subsequently filed in that case. The probation officer also informed the court that respondent was a high school sophomore who was failing all of his classes and had been posing behavioral problems at his school. The probation officer also stated that respondent lives with his mother, who cannot speak English, but through respondent's interpretation of their conversation learned from her that she was not having any disciplinary problems with him in the home. The probation officer also stated that respondent had told him that there was no armed robbery, and explained that when he and his friends were confronted by three other youths, a fight ensued, some crowbars were used, but no money was taken. Based on respondent's background, which included the referrals mentioned above, and the time spent in detention, which did not seem to have a deterrent effect on his conduct, the probation officer recommended that respondent be committed to the Department of Corrections.

Respondent's mother raised some questions with the court through an interpreter, and the probation officer repeated the factors which led to his recommendation. She then addressed the court and stated that she preferred that respondent remain in school and at work on his part-time job. The court commented that it might be more sympathetic to this request if respondent had demonstrated more of an interest in school, but on the basis of his poor performance there, and his extensive background, the court entered the necessary findings and committed him to the Department of Corrections.

After that the court admonished respondent in compliance with Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)) as to the necessity of filing a written motion to withdraw his admission before filing an appeal and advised respondent of the time frame in which the motion must be drawn, the contents of the motion and the repercussions for failing to comply. Respondent indicated his understanding of these matters, but the record shows that he did not abide by the admonishment given and filed a request to appeal without filing the requisite motion to vacate.

OPINION

On October 30, 1986, this court permitted respondent to file a

late notice of appeal and in his brief respondent has alleged that he was denied due process of law by the court's failure to admonish him of the consequences of his admission and · failure to determine whether his admission was made knowingly and voluntarily. The State responds that the record supports the conclusion that respondent's admission was made knowingly and voluntarily; and, further, the State asserts that respondent has waived consideration of this issue on appeal for· failing to precede it with the requisite motion to vacate.

■ Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)), which provides that a motion to withdraw a plea of guilty and to vacate the judgment is a condition precedent to an appeal, is .applicable to appeals by minors who have been adjudicated delinquent following an admission. (*In re F.D.* (1980), 89 Ill. App. 3d 223, 411 N.E.2d 1200; *In re Thomas* (1979), .77 Ill. App. 3d 299, 396 N.E.2d 31.) The failure to comply with the provisions of this rule generally requires that the appeal be dismissed; however, exceptions have been noted where the failure to file a motion to perfect the appeal constituted ineffective assistance of counsel or where the trial court failed to, give the admonishments contained in Supreme Court Rule 605(b). (*In re Walker* (1981), 102 Ill. App. 3d 791, 430 N.E.2d 367.) Neither of these exceptions appears applicable to the case at bar. We further observe, however, that in juvenile proceedings in particular, the 'failure to file the necessary motion to vacate has not been found fatal where the minor did not challenge the voluntariness of his plea and the resolution of the issue was not dependent on matters beyond the record (see, *e.g., In re Buchanan* (1978), 62 Ill. App. 3d 463, 379 N.E.2d 122 (issue on appeal concerned the disposition entered in the case)), and where the latter factor was apparent and an error affecting the substantial rights of the respondent was also present. See *In 're D.L.B.* (1986), 140 Ill. App. 3d 52, 488 N.E.2d 313.

■ In the instant case the sole issue raised by· respondent concerns the voluntariness of his admission, and although he was properly admonished by the court as to the necessity of preceding any appeal with a motion to vacate, respondent has filed his appeal without complying with the court's directive and the provisions of Rule 604(d). Under these circumstances, and in the absence of any' indication in the record that any errors affecting substantial rights or relating to fundamental fairness occurred which would permit review in the absence of the requisite motion, we may properly invoke the waiver rule.

■ However, even if we were to find that respondent's appeal·

was properly before this court, we do not believe, for the reasons which follow, that his contention is meritorious. In the case of *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024, which involved multiple respondents, the supreme court set forth the procedure to be used in accepting the admissions of juveniles as to their guilt of the offenses which constituted the basis for the delinquency petitions filed against them. (*In re Starks* (1978), 60 Ill. App. 3d 934, 377 N.E.2d 590.) The *Beasley* court held that compliance with Supreme Court Rule 402(b) (107 Ill. 2d R. 402(b)), which governs the acceptance of pleas of guilty in criminal cases, was not required. (*In re Beasley* (1977), 66 Ill. 2d 385, 390-92, 362 N.E.2d 1024, 1026-27.) However, it is evident from that decision that an admission of a delinquent act by a minor in a juvenile court proceeding is entitled to protections at least equal to those which are constitutionally required for the making of guilty pleas in criminal trials (*In re S.K.* (1985), 137 Ill. App. 3d 1065, 485 N.E.2d 578), thereby ensuring that admissions are made intelligently and voluntarily. In determining whether an admission was made intelligently, the entire record may be considered. *In re Haggins* (1977), 67 Ill. 2d 102, 364 N.E.2d 54.

■ Thus, a court need not recite a litany of the constitutional rights which will be waived by the admission, but it must appear from the record that the minor was aware of the consequences of his admission (see *In re T.D.D.* (1987), 151 Ill. App. 3d 879, 503 N.E.2d 605); "that is, that they [respondents] understood their rights against self-incrimination, their rights to confront their accusers and their rights to a trial; that by the admissions they waived these rights and that the waiver conferred upon the court the authority to treat them in a manner authorized by the Juvenile Court Act." *In re Beasley* (1977), 66 Ill. 2d 385, 392, 362 N.E.2d 1024, 1027.

Turning to the case at bar we observe that respondent was 16 years of age and had been referred to the juvenile court on several occasions prior to the filing of the current petition. When he appeared in court to answer the charges in this case, he was accompanied by his mother, brother and counsel, who on prior dates had entered respondent's denial to the allegations in the petition. On the date in question, however, counsel requested that the court withdraw respondent's previous denials and accept his admission to count I of the four-count petition. At that juncture respondent affirmatively answered the questions posed by his counsel that no one was forcing him to admit to the charge and that he understood the various dispositions which could be imposed by the court in this matter. Counsel then stipulated to the sufficiency of the facts set forth in count I to

support the admission to the charge, and asked that the State's witnesses, who were present in court, be recognized. After that, the court accepted respondent's admission, entered a finding of delinquency on the first count of armed robbery, and granted the State's motion to strike the remaining charges.

In *Beasley,* the supreme court specifically stated that it was not necessary that the minor be told by the trial judge that his admission waived his rights against self-incrimination and right to confront his accusers. However, it is equally clear that an intelligent waiver cannot be presumed from a silent record. (*In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024; see also *In re D.S.* (1984), 122 Ill. App. 3d 326, 461 N.E.2d 527.) In addition, the *Beasley* court observed that courts could rely to a degree upon the protection which a minor receives through the representation of counsel in ensuring that the admission made by the minor is voluntary and not made in ignorance of his rights. (*Beasley,* 66 Ill. 2d at 397.) It is generally recognized, however, that representation alone will not permit a presumption of the requisite knowledge. (See, *e.g., In re S.K.* (1985), 137 Ill. App. 3d 1065, 485 N.E.2d 578 (and cases cited therein).) With these precepts in mind, we have examined the record and believe under the circumstances reflected therein, that respondent's representation in this case was a significant factor leading to the conclusion that his admission was made knowingly and voluntarily.

■ As noted above, respondent was not a stranger to the juvenile court process, and the record in this case shows that he was represented by the same counsel throughout the proceedings. This representation included several court appearances; two involved denials to the offenses set forth in the petition and on the third date, the plea was changed when respondent's mother and brother were present. In addition, the record shows that respondent was not mute during the proceeding, but was questioned by his counsel as to whether there was any coercion involved in his admission and whether he understood the consequences of entering it, *i.e.,* the dispositions available to the court upon acceptance. Counsel also noted the presence of the State's witnesses in the courtroom.

We bear in mind that the standard for determining what due process requires during any juvenile proceeding is "fundamental fairness" (*In re S.K.* (1985), 137 Ill. App. 3d 1065, 485 N.E.2d 578); and viewing the totality of the evidence in the instant case in light of that standard, and as specifically articulated in *Beasley,* we are satisfied that the record shows that the admission entered by respondent was made knowingly and intelligently and was properly accepted by

the court. In our judgment, to hold otherwise would be tantamount to demanding the exactitude rejected in *Beasley* and overlooking reality. See *In re Haggins* (1977), 67 Ill. 2d 102, 364 N.E.2d 54.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JOHNSON, J., concur.