182 Ill. App.3d 234 (1989)
537 N.E.2d 1360
In re J.G., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
J.G., a Minor, Respondent-Appellant).
No. 1-86-3204.
Illinois Appellate Court  First District (4th Division).
Opinion filed April 13, 1989.
*235 Paul P. Biebel, Jr., of Public Defender, of Chicago (Nancy Pipman and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.
Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Judy L. Groeneveld, and Andrea K. Muchin, Assistant State's Attorneys, of counsel), for the People.
Reversed and remanded.
JUSTICE JOHNSON delivered the opinion of the court:
The minor-respondent, J.G., entered an admission to attempted burglary. Following a hearing he was found delinquent and committed to the Department of Corrections for one to two years. On appeal, he contends that his due process rights were violated because his admission was neither voluntary nor intelligent and lacked a factual basis.
We reverse and remand.
The incident in question occurred July 30, 1986, in Oak Park. Responding to a call from Monica Meter that a residential burglary was in progress, the Oak Park police arrived and found respondent crouched behind a table on Meter's back porch. The police took respondent into custody charging him with residential burglary and possession of burglary tools.
Following a hearing, a finding of probable cause was made. On the trial date, respondent entered an admission to attempted burglary. Before accepting the admission, the court asked respondent if he was being forced to make this admission and he replied "No." At that point, counsel for respondent informed the court that he had given both trial rights and dispositional alternatives to his client. The court accepted respondent's admission on attempted burglary and found him delinquent. Following a dispositional hearing, respondent was committed to the Department of Corrections for one to two years.
 1 Before addressing the issues which respondent raises on appeal, *236 we must first determine whether or not respondent waived his rights on appeal by failing to file a motion to withdraw his admission as required by Illinois Supreme Court Rule 604(d) (107 Ill.2d R. 604(d)). Our supreme court has stated that the requirements of Rule 604(d) must be compiled with before taking an appeal. People v. Wilk (1988), 124 Ill.2d 93.
The record shows that respondent did not, within 30 days of the entry of judgment, file a motion to vacate his admission. However, if respondent, who filed a proper notice of appeal, was not informed of this requirement by the trial court as required by Supreme Court Rule 605(b) (107 Ill.2d R. 605(b)), the appeal will not be dismissed. (People v. Theobald (1976), 43 Ill. App.3d 897, 356 N.E.2d 1258.) In this case, the trial court failed to advise respondent under Rule 605(b); therefore, we will not dismiss respondent's appeal.
Respondent argues, on appeal, that he did not make an admission that was voluntary and intelligent due to the trial court's failure to fully admonish him of his constitutional rights. In the case of In re Haggins (1977), 67 Ill.2d 102, 364 N.E.2d 54, the supreme court stated that due process requires that a juvenile admission be intelligently and voluntarily made. It is sufficient to satisfy due process requirements where it is apparent from the record that respondent was aware of the consequences of his admission. In re Beasley (1977), 66 Ill.2d 385, 362 N.E.2d 1024.
The issue here arises from the admission proceedings where respondent and his attorney engaged in the following discussions:
"MR. POLANCE [Respondent's Counsel]: I would be asking the court to accept an admission to the charge of burglary.
Joseph, is anyone forcing you to plead guilty to this charge?
MINOR RESPONDENT: No.
MR. POLANCE: Your Honor, previously I have given both trial rights and dispositional alternatives to the minor respondent; however, the court may want to inquire based on the background.
THE COURT: All right Joseph, is anybody forcing you to plead guilty to this charge of residential burglary  both counts, Mr. Polance?
MR. POLANCE: The burglary.
THE COURT: On or about July 30, 1986, did you commit the offense of residential burglary, in that you entered the apartment of a Maria Meter at 209 North Humphrey in Oak Park?
MINOR RESPONDENT: No, sir. Not into the house. I was *237 by the window. I did not enter the house.
MR. POLANCE: He was on the what, second floor?
MINOR RESPONDENT: I was on the second floor by the window.
MR. POLANCE: Yes.
THE COURT: Did you force the window open?
MINOR RESPONDENT: No. It was already open.
MR. POLANCE: I believe he was about to enter, but somebody arrived on the scene before he could make complete entrance.
THE COURT: Is that what happened?
MINOR RESPONDENT: Yes.
THE COURT: All right. Based on his admission, I will find him delinquent as to the lesser included offense of attempt burglary.
* * *
THE COURT: I will accept his admission to the attempt.
MR. POLANCE: Yes, your Honor.
THE COURT: There will be a finding of delinquency."
 2 In Beasley, the supreme court specifically stated that it was not necessary that a respondent be told by the trial court that his admission waived his rights against self-incrimination and the right to confront his accusers. (In re Beasley, 66 Ill.2d 385, 362 N.E.2d 1024; see also In re B.R. (1987), 164 Ill. App.3d 784, 518 N.E.2d 301.) It is only necessary that it be apparent from the record that respondent was aware of his rights. (In re Beasley, 66 Ill.2d 385, 362 N.E.2d 1024.) When reviewing the record, a court can rely to a degree on the representation of counsel in ensuring that the admission was voluntary and intelligent. (In re Beasley, 66 Ill.2d 385, 362 N.E.2d 1024.) However, the representation of counsel alone will not permit a presumption of the requisite knowledge. In re S.K. (1985), 137 Ill. App.3d 1065, 485 N.E.2d 578; see also In re D.S. (1984), 122 Ill. App.3d 326, 461 N.E.2d 527.
 3 It is apparent from the record that respondent's admission was voluntary. However, it is not apparent from the record that the admission was intelligently made. There is nothing in the record that indicates that respondent understood the consequences of his admission. There is the representation by respondent's counsel that he informed respondent of his trial rights and dispositional alternatives. However, this alone does not create a presumption that the respondent had the requisite knowledge. (In re D.S. (1984), 122 Ill. App.3d 326, 461 N.E.2d 527.) For this reason, we find no evidence in the record *238 that satisfies this due process requirement.
Respondent also maintains that his admission did not receive the proper due process protections because the record failed to show any factual basis for the admission. While we have already determined that the admission did not meet due process requirements because it was not intelligently made and it would be unnecessary to decide the factual basis issue, we judge from the record that the trial court made adequate inquiry into the circumstances surrounding the offense.
For the reasons stated above, the judgment of the circuit court of Cook County is reversed and the cause is remanded.
Reversed and remanded.
LINN and McMORROW, JJ., concur.