THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLAYTON PORTER, Defendant-Appellant.

Fourth District   No. 14651

Opinion filed July 14, 1978.

942

Richard J. Wilson and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

On May 19, 1977, the defendant, Clayton Porter, pleaded guilty to burglary in Livingston County case No. 77—CF—42 and was sentenced to 1 year probation with 90 days' periodic imprisonment. On June 16, 1977, an information was filed against defendant in case No. 77—CF—98 charging him with the theft, between mid-May and June 4, 1977, of property valued in excess of $150. On July 11, 1977, the date set for

preliminary hearing, the defendant, through counsel, waived the hearing and entered a plea of guilty to the theft. Defendant also admitted at that time the allegations of a petition to revoke probation which was premised upon that theft. The court then admonished the defendant that by waiving his right to a preliminary hearing he thereby waived his right to confront and cross-examine witnesses. The defendant stated he was acting voluntarily and that there was nothing he did not understand about the procedure. The court determined that the waiver was voluntary, accepted defendant's plea of guilty in case No. 77—CF—98, and ordered defendant's probation in case No. 77—CF—42 revoked. No specific inquiries or admonishments concerning either the guilty plea or the charges contained in the petition to revoke probation were made by the court at this hearing. On August 3, 1977, the court imposed concurrent sentences of 3 to 10 years' imprisonment for the burglary in case No. 77—CF—42 and the theft in case No. 77—CF—98. A motion to vacate judgment and withdraw the guilty pleas in both causes was filed on August 29, 1977, on the ground that the sentences were excessive. The motion was denied and defendant filed notice of appeal in case No. 77—CF—42 and in case No. 77—CF—98. On February 14, 1978, the State filed a motion to supplement the record on appeal with an affidavit by defendant's trial counsel pursuant to Supreme Court Rule 604(d) (58 Ill. 2d R. 604(d)). The affidavit stated that trial counsel personally consulted with defendant prior to making the motion to withdraw the guilty pleas to determine the basis for the motion and that he had read the court file and the report of proceedings. The affidavit further stated that counsel had made no amendments to the motion as there were no errors unraised to which defendant wished to address himself.

On appeal, defendant contends that (1) his conviction for theft in case No. 77—CF—98 should be reversed because he was denied effective assistance of counsel on his motion to vacate the judgment and withdraw the guilty pleas, and (2) the order revoking defendant's probation in 77—CF—42 should be reversed since his admission to the allegations of the petition to revoke probation was not voluntary.

The only issue raised by defense counsel on the motion to vacate judgment and withdraw the guilty pleas was that the sentences were excessive. Defendant contends that he was denied effective assistance of counsel because an obvious and meritorious issue, the trial court's flagrant violation of Supreme Court Rule 402 at the guilty plea hearing in case No. 77—CF—98, was not raised in that motion.

Supreme Court Rule 402 provides in part as follows:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea

of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

*   *   *

(c) *Determining Factual Basis for Plea.* The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." 58 Ill. 2d R. 402(a), (c).

The requirement that the nature of the charge be explained has been held minimally satisfied when the offense is referred to by name. (*People v. Robinson* (1976), 63 Ill. 2d 141, 146, 345 N.E.2d 465.) A review of the record in the theft case clearly shows that the offense was never referred to by name at the July 11, 1977, hearing in which defendant changed his plea to guilty, but only by number. Although the trial court addressed the defendant on the question of the voluntariness of the waiver of a preliminary hearing, no such questions were asked concerning the guilty plea. Further, there is no evidence in the record of this hearing that the trial court admonished the defendant as to the minimum and maximum sentence or to his right to trial. Indeed, the record indicates an absence of any inquiry concerning the plea of guilty.

■■ The requirement of Rule 402(c) that there be a factual basis for the plea is satisfied when it appears on the record that there is a basis for reasonably concluding that the defendant actually committed the acts with the requisite intent to constitute the offense to which he is pleading guilty. (*People v. Hudson* (1972), 7 Ill. App. 3d 800, 803, 288 N.E.2d 533.) Such information may come from the defendant himself, competent witnesses, the prosecuting attorney, or a presentence report. (*People v. Horne* (1974), 21 Ill. App. 3d 10, 12, 314 N.E.2d 633.) In *People v. Warship* (1974), 59 Ill. 2d 125, 129-30, 319 N.E.2d 507, the court stated that a factual basis need not be determined at the change of plea, so long as it is determined before the imposition of the sentence. Thus, a hearing in

aggravation and mitigation conducted by the court prior to the imposition of sentence may reflect a factual basis for the plea of guilty.

■■ The record in the instant case, however, does not clearly reflect a factual basis for defendant's plea of guilty in case No. 77—CF—98. There was no recital of facts on the record by the State at either the change of plea hearing on July 11, 1977, or the sentencing hearing on August 3, 1977. There was no testimony by the defendant or by witnesses on either of these dates indicating defendant's culpability. The presentence report in case No. 77—CF—98 has not been made a part of the record on appeal. At most, the record discloses a reference by the State's Attorney indicating that the trial judge had heard evidence of a factual basis for the offense. Upon careful examination, we do not find such evidence in the record. While the factual basis for the plea may in certain instances be made off the record (*People v. Nyberg* (1976), 64 Ill. 2d 210, 214, 356 N.E.2d 80), we do not find other sufficient support in the record to justify any inference that a factual basis was so obtained, nor is there any indication in the record that defendant's plea of guilty in case No. 77—CF—98 was the result of any plea agreement. Finally, a plea of guilty by itself is not equivalent to a factual basis for the plea. *People v. Fred* (1974), 17 Ill. App. 3d 730, 732, 308 N.E.2d 219, 221.

■■■ The State argues that a review of the entire record, including the arraignment on this charge in conjunction with careful admonitions given by the court on other charges, which are not involved in this appeal, clearly shows substantial compliance with Rule 402. We do not agree. To hold that admonitions given at earlier proceedings in a particular case or in other concurrent cases carry over to a subsequent hearing on a plea of guilty violates the spirit and purpose of Rule 402. The decision to enter a plea of guilty is a crucial one for a defendant and the record must clearly and affirmatively show that the plea was intelligently and understandingly made within the requirement of *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. While we note that Rule 402 requires only substantial, not literal compliance with its provisions (*People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559), the fact that certain admonitions may have been given to the defendant at earlier proceedings cannot be relied upon to remedy the lack of any admonitions at the plea hearing in the instant case. Accordingly, we conclude that the trial court failed to comply with the requirements of Rule 402.

■■■ The failure of the trial court to comply with Rule 402 was clearly a meritorious issue which should have been raised in the motion to vacate judgment and withdraw the guilty pleas. Supreme Court Rule 604(d) states in part that: "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall

be deemed waived." (58 Ill. 2d R. 604(d).) The effect of defense counsel's failure to raise this issue was to waive a substantial defect in the entry of the plea of guilty upon which a successful motion and appeal could be based. In *People v. Meacham* (1977), 53 Ill. App. 3d 762, 767, 368 N.E.2d 400, the court held that the failure of counsel to file a Rule 604 motion to vacate judgment and to withdraw guilty pleas constituted a failure to perfect an appeal and was, therefore, ineffective assistance of counsel. Similarly, counsel's failure here to include, originally or by subsequent amendment, the obvious Rule 402 violations in the motion to vacate judgment and withdraw the guilty pleas denied the defendant effective assistance of counsel. A defendant has been denied effective assistance of counsel in Illinois "* * * when representation is so poor as to amount to no representation at all or to reduce the proceeding to a farce or mockery." (*People v. Elliott* (1977), 46 Ill. App. 3d 887, 889-90, 361 N.E.2d 852, 854.) Clearly, the representation of the defendant on the motion to vacate judgment and withdraw the guilty pleas was so deficient as to constitute "no representation." Accordingly, we reverse the trial court's order insofar as it denies defendant's motion to vacate judgment and withdraw his plea of guilty in case No. 77—CF—98, and order that the cause be remanded to the trial court so that defendant may be permitted to plead anew. Since the order revoking defendant's probation in case No. 77—CF—42 is predicated upon defendant's former plea of guilty in case No. 77—CF—98, it is also reversed and remanded for further proceedings consistent with this opinion. In view of our disposition in this case, we need not address the State's motion to supplement the record on appeal with defense counsel's certificate of compliance with Supreme Court Rule 604(d).

Reversed and remanded with directions.

GREEN, P. J., and TRAPP, J., concur.