*In re* R.L.G., a Minor (The People of the State of Illinois, Petitioner-Appellee, *v.* R.L.G., Respondent-Appellant).

Fourth District No. 4—83—0609

Opinion filed June 27, 1984.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

On June 2, 1982, a delinquency petition was filed against R.L.G., a 14-year-old, alleging battery. On June 30, 1982, after admonitions by

the trial judge, the minor admitted and stipulated to the charge of battery. (Ill. Rev. Stat. 1981, ch. 38, par. 12—3.) R.L.G. was adjudicated a delinquent minor and made a ward of the court. On August 11, 1982, after a dispositional hearing, the minor was placed on 12 months' probation and directed to serve eight days in the youth detention center.

On October 8, 1982, a petition to revoke probation was filed against the minor, alleging that he violated a condition of his probation by committing the offenses of forgery and theft. On October 12, 1982, a supplemental petition to revoke probation was filed against the minor alleging that he committed the offense of criminal trespass to land and unlawful possession of cannabis. On October 25, 1982, after being admonished by the trial judge, the minor admitted and stipulated to the charges of forgery and theft set forth in the petition filed October 8, 1982. Ill. Rev. Stat. 1981, ch. 38, pars. 17—3(a)(2), 16—1.

On November 3, 1982, after a dispositional hearing, the minor was admitted to two years' probation.

On August 8, 1983, a petition to revoke probation was filed against the minor alleging that he committed the offense of burglary. On August 17, 1983, the trial judge conducted a hearing on the petition and, after being admonished, the minor admitted and stipulated to the charge of burglary. (Ill. Rev. Stat. 1981, ch. 38, par. 19—1.) After a dispositional hearing on September 1, 1983, the minor was committed to the Illinois Department of Corrections, Juvenile Division. This appeal follows.

The single issue on appeal is whether the revocation of the minor's probation must be reversed and the cause remanded for proceedings to be conducted in compliance with section 1—20(6) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701—20(6)) because the trial judge on his own motion heard jointly seven cases wherein the juveniles would be offering to admit and stipulate to one or more of the charges pending against them.

■■ Section 1—20(6) of the Juvenile Court Act states:

"The general public except the news media [and the victim] shall be excluded from any hearing and, except for the persons specified in this Section, only persons, including representatives of agencies and associations, who in the opinion of the court have a direct interest in the case or in the work of the court shall be admitted to the hearing. However, the court may, for the minor's protection and for good cause shown, prohibit any person or agency present in court from further disclosing the

minor's identity."

The State contends that this issue has been waived inasmuch as neither respondent nor his counsel objected to the presence of other persons at the hearing. We agree. Appeals from juvenile proceedings are subject to the rule that failure to raise an issue in the trial court results in waiver unless it amounts to plain error. (*In re T.D.* (1980), 81 Ill. App. 3d 369, 401 N.E.2d 275.) We conclude that this is not a case of plain error.

In this case, the trial judge appears to have admonished R.L.G. and one other minor alternately. He announced R.L.G.'s cause and the appearances and then announced the cause and appearances pertaining to the other minor. He then read R.L.G. the charge against him and inquired whether he understood that charge. R.L.G. responded that he did. The judge then read the charge against the other minor and inquired whether he understood the charge against him. The court continued with its admonitions in this fashion, alternately addressing each minor to inquire whether he understood. In each instance, R.L.G. responded that he did understand. A factual basis for the offer was stated as agreed by the parties. The court inquired whether R.L.G. had any questions about the proceedings, and R.L.G. responded that he did not. The court thereafter accepted the offer.

■ On appeal the minor maintains that the circuit court has no power to permit the public to attend a juvenile hearing and violation of the right set forth in section 1—20(6) is analogous to violation of the proscription of section 5—1(1) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 705—1(1)). The latter section states in pertinent part:

"*** No order of commitment to the Department of Corrections shall be entered against a minor before a written report of social investigation, which has been completed within the previous 60 days, is presented to and considered by the court."

We do not find the analogy to section 5—1(1) to be persuasive. We find *In re Starks* (1978), 60 Ill. App. 3d 934, 377 N.E.2d 590, cited by the minor, to be inapposite. Therein this court remarked:

"Furthermore, because more emphasis is placed upon rehabilitation in a juvenile dispositional proceeding than in criminal sentencing, the judge in the juvenile proceeding is in greater need of social information. We conclude that the legislature did not intend that the juvenile report requirement be waived." (60 Ill. App. 3d 934, 936-37, 377 N.E.2d 590, 592.)

There is a fundamental difference between the right to have members of the public, apart from the media, who are not directly interested in

295

the case excluded from the courtroom and the right to have the report of social investigation considered by the court prior to entry of an order of commitment to the Department of Corrections.

 ■ We caution that hearings conducted in the presence of others, particularly wherein juvenile cases are jointly heard as here, a minor may be distracted from the gravity of admonitions and explanations from the bench and may be inhibited in asking questions material to his cause. If judicial discretion is fully exercised in detail, we can see little difference in time saved. A court of review also feels some concern with the clarity of the record. We conclude that the procedure itself does not call for reversal in this case, however, given the absence of any showing of prejudice or misunderstanding affecting the validity of the revocations.

Affirmed.

MILLER and WEBBER, JJ., concur.