164 Ill. App.3d 826 (1987)
518 N.E.2d 310
In re J.W., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
J.W., a Minor, Respondent-Appellant).
No. 85-1318.
Illinois Appellate Court  First District (5th Division).
Opinion filed December 11, 1987.
*827 Paul P. Biebel, Public Defender, of Chicago (Thomas N. Swital, Assistant Public Defender, of counsel), for appellant.
Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Sharon L. Gaull, and John A. Gasiorowski, Assistant State's Attorneys, of counsel), for the People.
Judgment vacated and cause remanded.
JUSTICE LORENZ delivered the opinion of the court:
The minor respondent, J.W., was found delinquent based on having committed an armed robbery. He was then adjudicated a habitual offender pursuant to section 5-12 of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 705-12) and was committed to the Department of Corrections, Juvenile Division, until his 21st birthday.
On appeal J.W. contends that his adjudication as a habitual juvenile offender must be vacated because one of two prior findings of delinquency, which formed the basis of this adjudication, was made without respondent's being properly advised of his constitutional rights before he admitted to that offense.
We vacate and remand.
In a jury trial the State presented testimony establishing that respondent was one of four males who, on December 6, 1983, committed an armed robbery at a Chicago grocery store. The jury found respondent delinquent based on this armed robbery and respondent does not challenge this finding. A hearing on May 3, 1985, was then held to determine whether respondent could be adjudicated a habitual offender pursuant to section 5-12 of the Juvenile Court Act. (Ill. Rev. Stat. 1985, ch. 37, par. 705-12.) A prerequisite for such a finding is a *828 showing that a minor who had been adjudicated a delinquent has previously been twice adjudicated a delinquent minor for offenses which would have been felonies had the minor been prosecuted as an adult.
 1 To establish the requisite prior adjudications, the State presented certified copies of two prior findings of delinquency. Both of those findings were based on in-court admissions made by the respondent. Such admissions are the functional equivalent of guilt pleas in adult criminal proceedings. (In re Haggins (1977), 67 Ill.2d 102, 364 N.E.2d 54.) In accepting such an admission by a minor, a trial judge must determine that due process requirements are met. The court must ascertain that the minor understands his right against self-incrimination, his right to confront his accusers, and his right to trial. The minor must also understand that he waives these rights by his admission and thereby confers on the court the authority to treat him in a manner authorized by the Juvenile Court Act. In re Beasley (1977), 66 Ill.2d 385, 362 N.E.2d 1024.
The first finding of delinquency relied on by the State occurred on December 8, 1981, when the respondent was 12 years old. The transcript of that proceeding establishes that respondent was represented by counsel and that the court advised him of his rights in compliance with Beasley.
However, the transcript of the second hearing, held April 25, 1983, at which the second adjudication relied on by the State was made, establishes that at that proceeding respondent was not fully advised of his rights. After respondent's counsel advised the court that the respondent would be withdrawing his denial of the charges against him, the following took place:
"THE COURT: Young man, you're charged with burglary. You're entitled to a trial. If there is an admission today, there will be no trial and the court could do several things; give you probation, supervision, commit you to the Department of Corrections, or detain you in the detention center. I might do either of those, do you understand?
MINOR RESPONDENT: Yes."
After respondent's counsel stipulated to the facts of the case, establishing respondent's commission of a burglary, the court asked respondent if those facts were correct and respondent said yes. The court then entered its finding of delinquency.
 2 It is clear that at this hearing the requirements of Beasley were not met. The court failed to ascertain whether the respondent understood that he had a right against self-incrimination and a right to confront his accusers. The court also failed to inform respondent he *829 was waiving those rights by making the admission. The State notes that respondent was represented by counsel at the proceeding, but a court may not presume knowledge of rights from the fact that a juvenile had such representation. (In re D.S. (1984), 122 Ill. App.3d 326, 461 N.E.2d 527; In re Starks (1978), 60 Ill. App.3d 934, 377 N.E.2d 590.) As was held in D.S., it does not even suffice for the attorney to represent that he had informed the minor of his rights; the record must indicate that the trial court affirmatively determined that the minor's admission was voluntarily and intelligently made.
 3 The State also seeks to rely on the fact that respondent was properly admonished concerning his rights and the consequences of making an admission in the 1981 proceeding. But as was held in In re Starks (1978), 60 Ill. App.3d 934, 377 N.E.2d 590, a court cannot presume knowledge of rights from the fact of a minor's prior experience in juvenile cases. Although Starks did not make specific reference to admonitions which may have been made in those prior proceedings, we find further support for the insufficiency of reliance on such prior admonishments in People v. Porter (1978), 61 Ill. App.3d 941, 378 N.E.2d 788. In Porter the court was concerned with a court's failure to properly admonish an adult defendant concerning his rights with respect to a guilty plea. The court found that the State could not rely on the fact that certain admonitions may have been given to the defendant at earlier proceedings. Indeed, the court also found insufficient the fact that what it described as "careful" admonitions were given by the court on other concurrent charges not involved in the defendant's appeal. These factors were deemed to be insufficient because of the requirement that the record clearly and affirmatively show that the plea at issue was intelligently and understandingly made. Given the applicability of this same standard to a minor's admission in a juvenile proceeding, we find that admonitions made to a minor 15 months earlier, when the minor was 12 years old, do not suffice to demonstrate that the minor's subsequent admission, made without a full explanation of his rights, was voluntarily and intelligently made.
Citing Baldasar v. Illinois (1980), 446 U.S. 222, 64 L.Ed.2d 169, 100 S.Ct. 1585, the respondent next contends that this improperly obtained admission could not be used in finding him to be a habitual juvenile offender. In Baldasar the indigent defendant had been convicted of misdemeanor theft in a proceeding in which he was not represented by counsel and had not waived his right to counsel. Subsequently defendant was charged with another misdemeanor theft. At the trial on that charge the State introduced evidence of the prior *830 conviction, a prerequisite to treating the second offense as a felony under Illinois law. (Ill. Rev. Stat. 1975, ch. 38, par. 16-1(e)(1).) The defense unsuccessfully objected to this use of the prior uncounseled conviction. In reversing defendant's ensuing felony conviction, the United States Supreme Court held that without the assistance of counsel this prior conviction was not sufficiently reliable to permit its collateral use to enhance the defendant's sentence.
 4 In this cause the State has utilized a prior adjudication of delinquency to obtain a judicial determination that the respondent is a habitual offender so as to permit his commitment to the Juvenile Division of the Department of Corrections until his 21st birthday. That adjudication of delinquency was based on an admission made by the minor respondent without the court's having determined that the admission was voluntarily and intelligently made. Accordingly, like the uncounseled guilty plea in Baldasar, this admission was not sufficiently reliable to permit its subsequent use in establishing that the minor respondent was a habitual offender. The State notes that the respondent failed to directly challenge the prior adjudication by appealing it. But we are here concerned with the collateral use of the adjudication. There is similarly no indication in Baldasar that the uncounseled theft conviction was ever appealed. Nonetheless the court found it too unreliable for subsequent use as a sentence-enhancing factor.
Accordingly, for the reasons set forth in this opinion, the adjudication of the respondent as a habitual juvenile offender is vacated and this cause is remanded for a proper dispositional hearing.
Judgment vacated and cause remanded.
SULLIVAN, P.J., and MURRAY, J., concur.