THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK EGGE, Defendant-Appellant.

First District (5th Division)   No. 1—88—1223

Opinion filed February 16, 1990.

Joseph C. Corsino, of Flossmoor, for appellant.

Cecil M. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and David R. Butzen, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE COCCIA delivered the opinion of the court:

I

Defendant Mark Egge appeals from the circuit court's denial of his motion to withdraw a guilty plea and vacate a conviction of driving under the influence of alcohol following that plea. We have concluded that the circuit court abused its discretion by not allowing Egge's motion; accordingly, the judgment is vacated and remanded.

II

On January 29, 1988, Egge's appellate counsel—who did not represent him at trial—moved to withdraw the guilty plea and vacate the judgment. Appellate counsel submitted an affidavit executed by Egge, in support of that motion, which the State has not attempted to rebut.

In his affidavit, Egge alleges that he appeared before Judge Michael McNulty on July 17, 1986, for committing the offense of driving under the influence of alcohol. (See Ill. Rev. Stat. 1985, ch. 95½,

par. 11—501.) Before the hearing, according to Egge, his trial counsel advised him to plead guilty in order to receive a sentence of supervision, thereby retaining his driving privileges; trial counsel failed to inform Egge that he could be sentenced to conditional discharge, which was a conviction that would result in the loss of those privileges. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1 *et seq.*) Trial counsel likewise neglected to inform Egge that he might be fined. Egge also avers that trial counsel never advised him of his constitutional or statutory rights.

Egge further alleges that he pleaded guilty before Judge McNulty, as planned. Egge claims that trial counsel failed to identify himself for the record. Trial counsel offered no evidence in mitigation, notwithstanding the facts that the accident which occurred at the time of Egge's arrest involved only his vehicle, and that his injuries were so minor that no hospitalization was required. Trial counsel never raised Egge's driving record before the judge, even though it included no alcohol- or drug-related incidents. The assistant State's Attorney offered no evidence in aggravation. Although Judge McNulty advised Egge that he could be sentenced to one year in prison, the judge failed to advise him that the lesser sentence of supervision was available. In addition, Judge McNulty neglected to advise Egge of his right to plead not guilty and to persist in that plea throughout the proceedings; the judge also failed to explain the differences between a bench trial and a jury trial, the right to trial by jury, the privilege against self-incrimination, the right to cross-examine the witnesses against him, or the State's burden to prove him guilty beyond a reasonable doubt. Moreover, Egge maintains that the judge did not inquire whether his plea was voluntary, and whether it was obtained by force, threats, or coercion.

After stating that Egge was not a good candidate for supervision, Judge McNulty sentenced him to conditional discharge and a $500 fine. The judge failed to advise Egge of his right to move to withdraw the guilty plea and to have the judgment vacated. Trial counsel did not object to Judge McNulty's insufficient admonishments, before or after sentencing. Additionally, Egge says that trial counsel did not move to substitute judges, request a continuance, or withdraw the guilty plea. Egge states that Judge McNulty was extremely upset and angry with all persons appearing before him on the date of the hearing, with no apparent reason. At one point, Egge claims that the judge screamed at him and his trial counsel to not argue with the court. Immediately thereafter, apparently out of frustration, Egge pleaded "guilty as hell" to the offense of driving under the influence.

In his affidavit, Egge goes on to aver that he was coerced into pleading guilty by a promise of a disposition of supervision. It was only after Egge was sentenced that trial counsel explained he would lose his driving privileges as a consequence of the sentence. Trial counsel told Egge that nothing could be done to reverse his sentence. Egge did not become aware of his right to move to have the guilty plea withdrawn and the judgment vacated until a subsequent case, involving separate issues, before a different judge, on November 17, 1987. Finally, Egge alleges, his trial counsel neither filed a post-judgment motion nor prepared a notice of appeal.

A review of the transcript of proceedings before Judge McNulty confirms many of the facts Egge alleged in his unrebutted affidavit. Trial counsel failed to state his name for the record, and he is referred throughout the transcript as "Mr. Defense Attorney." The assistant State's Attorney acknowledged that Egge had no prior alcoholic background. As the remainder of the transcript is brief, and gives the flavor of the proceedings, we set it forth:

"THE COURT: *** I will not give him supervision. I don't think he's a good candidate. It's something other than a blow. [Egge's alcohol concentration was .14.] I would give him one year conditional discharge with a fine plus ASEP. Is that what you want? Obviously not, but that's what I'm going to offer. I'm not going to change my mind. You can take a jury trial or take it out of here and try somebody else. That's it, period.

MR. DEFENSE ATTORNEY: Judge, I really—.

THE COURT: Don't argue with me.

MR. DEFENSE ATTORNEY: We'll accept that.

THE COURT: Mr. Egge, you're charged here with driving a motor vehicle under the influence of alcohol. How do you plead, guilty or not guilty[?]

MR. EGGE: I'm guilty as hell.

THE COURT: Let the record reflect the Defendant is guilty as hell.

When you plead guilty as hell you waive your right to a trial by jury. You waive your right to a trial of any kind. You waive your right to cross examine [sic] the witnesses that the State would put on. The possible sentence the Court can give you is a year in jail, do you understand that?

MR. EGGE: Yes, sir.

THE COURT: Knowing these things and understanding these things. [Sic] Do you persist in your plea of guilty?

MR. EGGE: Yes, sir.

THE COURT: Having had occasion to observe the Officer's Alcoholic Influence Report, I find there's a factual basis for the plea. Anything further in aggravation or mitigation?

MR. GENTILE [Assistant State's Attorney]: No, Judge.

MR. DEFENSE ATTORNEY: No, sir.

THE COURT: One year conditional discharge, fine of $500 plus ASEP. Three month date is 10-4-86, S.O.M. And the one year date is 7-16-87.

You have 30 days to appeal the sentence."

Egge's appellate counsel's motion to withdraw the guilty plea and to vacate the judgment was heard before Judge Montelione on March 31, 1988, as Judge McNulty had left the bench. After entertaining argument by the parties, Judge Montelione denied the motion. He conceded that Judge's McNulty's admonitions did not literally comply with the applicable rules. But since Judge McNulty admonished Egge regarding his right to appeal, and since no notice of appeal was filed, Judge Montelione ruled he had no jurisdiction. In any event, Judge Montelione stated, the point was moot because Egge had served his sentence. It is from Judge Montelione's ruling that Egge appeals.

### III

■ Illinois Supreme Court Rule 604(d) provides:

"Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (107 Ill. 2d R. 604(d).)

Thus, the lapse of more than 30 days from the imposition of sentence generally divests the trial court of jurisdiction to entertain a motion to withdraw the guilty plea and vacate the judgment. Yet two exceptions to this rule have been recognized: first, where the trial court neglects to properly admonish the defendant pursuant to Illinois Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)); or, second, where the failure to file a motion to withdraw and vacate constitutes ineffective assistance of counsel. (See *People v. Green* (1983), 116 Ill. App. 3d 815, 817-18, 452 N.E.2d 767, 769.) In our case, each of these exceptions applies.

■ Supreme Court Rule 605(b) states:

"On Judgment and Sentence Entered on a Plea of Guilty. In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise

the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a party [*sic*] of a plea agreement will be reinstated and will also be set for trial;

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 107 Ill. 2d R. 605(b).

■ The transcript of proceedings before Judge McNulty reveals that he only substantially complied with Rule 605(b)(1), by admonishing Egge, "You have 30 days to appeal the sentence." Judge McNulty neglected to comply—even minimally—with the five remaining requirements set forth in Rules 605(b)(2) through (b)(6). Because Judge McNulty failed to properly admonish Egge pursuant to Rule 605(b), we are of the opinion that the first exception to Rule 604(d)'s 30-day requirement—noted in *Green*—applies in this case.

The State relies upon *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, to support the proposition that Egge's proper remedy is to be found in the Post-Conviction Hearing Act. (See Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) However, the appellate court in *People v. Patrick* (1989), 188 Ill. App. 3d 542, 544 N.E.2d 1042, was faced with a Rule 605(b) violation, as we are. In discussing *Wilk*, the *Patrick* court observed that most of the *Wilk* defendants had been admonished in accordance with Rule 605(b). But in the case before it, the appeals court noted, the trial court failed to admonish defendant as Rule 605(b) required. In such a case, the appellate court reasoned, defendant should not be penalized for not following the precise procedure to preserve his Rule 605(b) rights. See *Patrick*, 188 Ill. App. 3d

at 545, 544 N.E.2d at 1044.

The facts of our case resemble *Patrick* more closely than they resemble *Wilk*. Like defendant in *Patrick*, Egge was not correctly admonished pursuant to Rule 605(b); unlike the only defendant in *Wilk* who was not given the Rule 605(b) admonishments, Egge's trial counsel prepared neither a motion to reconsider his sentence nor a notice of appeal. Consequently, we refuse to penalize Egge for not following procedures that his trial counsel and Judge McNulty neglected to advise him of.

■■ ■ Taken together with Egge's unrebutted affidavit, the transcript of proceedings before Judge McNulty demonstrates that Egge was also the victim of ineffective assistance of counsel. In *People v. Porter* (1978), 61 Ill. App. 3d 941, 378 N.E.2d 788, defendant appealed from the denial of his motion to withdraw his guilty pleas and vacate the judgment, arguing that he was denied effective assistance of counsel. The only issue raised by defense counsel in the motion to withdraw and vacate was that defendant was sentenced excessively. On appeal, defendant contended that he was the victim of ineffective assistance of counsel because an obvious and meritorious issue—the trial court's flagrant violation of Supreme Court Rule 402 (58 Ill. 2d R. 402) at the plea hearing—was not raised in the motion. Rule 402 provides now, as it did then:

"Pleas of Guilty.

In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea is Voluntary. The court

shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 107 Ill. 2d Rules 402(a), (b).

The *Porter* court determined that the trial court failed to comply with Rule 402. (*Porter*, 61 Ill. App. 3d at 945, 378 N.E.2d at 791.) This failure, the appellate court reasoned, was certainly a meritorious issue that should have been raised in defense counsel's motion to withdraw and vacate. The effect of counsel's failure to raise the issue was to waive a substantial defect in the entry of the guilty pleas, upon which a successful motion and appeal could have been based. The appeals court defined ineffective assistance of counsel as representation so poor as to amount to no representation at all, or to reduce the proceedings to a sham or mockery. (See *Porter*, 61 Ill. App. 3d at 945-46, 378 N.E.2d at 791.) Applying this definition to the facts of the case before it, the court held that defense counsel's failure to include the obvious Rule 402 violations in his motion denied defendant effective assistance of counsel; defendant's representation was so deficient as to constitute no representation. As a result, the appellate court reversed the trial court's denial of defendant's motion to withdraw and vacate, and it ordered the cause remanded so defendant could plead anew. See *Porter*, 61 Ill. App. 3d at 946, 378 N.E.2d at 791.

Here Judge McNulty's failure to comply with Rule 402 was, in the language of *Porter*, flagrant. He did not attempt minimal compliance with Rule 402(a)(1)'s requirement that Egge be advised of the minimum sentence. Similarly, Judge McNulty did not attempt compliance with Rule 402(b)'s mandate that he inquire whether Egge's plea was voluntary. Furthermore, his compliance with the remaining requirements of Rule 402(a)(1) was minimal at best. Egge was thereby denied effective assistance of counsel when his trial counsel neglected to raise these irregularities in a motion to withdraw and vacate. In fact, our case presents an even stronger basis for remanding than *Porter*, since in that case defendant—unlike Egge—at least had the benefit of a motion to withdraw and vacate, although it was carelessly drafted. What is more, other conduct by Judge McNulty mentioned above should have provided Egge's trial counsel with additional grounds for a motion and appeal. Therefore, trial counsel's conduct undeniably de-

prived Egge of effective assistance of counsel. Indeed, a description of trial counsel's conduct as ineffective is charitable, on the basis of the record before us.

Trial counsel's conduct was likewise ineffective when judged by the two-pronged test of *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, as applied in *Wilk*. That is, we think that trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability that—but for his unprofessional errors—the result of the proceedings before Judge McNulty would have been different. (See *Wilk*, 124 Ill. 2d at 108, 529 N.E.2d at 223-24.) It is safe to conclude, then, that the second exception to Rule 604(d), as recognized in *Green*, applies.

## IV

We are cognizant of the fact that much time has elapsed since Egge's plea hearing, which may make retrial difficult for the State. Nevertheless, Supreme Court Rules 605(b) and 402 help ensure that criminal defendants are afforded the process which, over the centuries, has come to be regarded as due in our common law system. As a consequence of Judge McNulty's failure to comply with Rules 605(b) and 402, combined with trial counsel's failure to assert his client's rights, the plea hearing was so lacking in due process that we cannot permit Egge's plea and judgment to stand.

For the reasons stated, Judge McNulty's judgment upon Egge's plea must be vacated, and he must be allowed to withdraw his plea of guilty and to plead anew; his sentence, in turn, must be vacated. (See *People v. Kidd* (1989), 129 Ill. 2d 432, 447, 544 N.E.2d 704, 710.) In the alternative, Egge sought relief from judgment under section 2—1401 of the Code of Civil Procedure (see Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). Given the foregoing disposition, we deem discussion of this question unnecessary.

Judgment vacated and remanded with directions.

LORENZ and MURRAY, JJ., concur.