THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRIAN PACKARD, Defendant-Appellant.

Second District   No. 2—89—0913

Opinion filed November 5, 1991.

Jed H. Stone, of Urban & Stone, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers
and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Of-
fice, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:
Defendant, Brian Packard, appeals from the trial court's denial of
his motions to withdraw his plea of guilty and to reconsider his sen-
tence. We vacate the trial court's judgment and remand the cause.

Defendant was charged by indictment with three counts of aggra-
vated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14)
and one count of aggravated kidnapping (Ill. Rev. Stat. 1989, ch. 38,
par. 10—1(a)(1)). All charges arose from an incident which occurred on

July 16, 1988, during which defendant secretly confined a girl under the age of 13 against her will and sexually assaulted her. Defendant entered a plea of not guilty to all counts at his arraignment on August 12, 1988. However, following negotiations between defense counsel and the State, defendant pleaded guilty to one count of aggravated criminal sexual assault and the count of aggravated kidnapping on April 17, 1989. Counsel stipulated that, in exchange for the pleas, defendant would receive a sentence of no longer than 55 years and that the remaining two counts, along with a charge of criminal sexual assault in another pending case, would be dismissed. The court accepted defendant's pleas. Soon after, defendant filed two motions to withdraw his pleas. These motions were denied by the court on May 11, 1989. The court then sentenced defendant to an extended prison term of 45 years for aggravated criminal sexual assault and a concurrent 15-year term for aggravated kidnapping. The court subsequently denied defendant's motion to reconsider the sentence. This appeal followed.

■ Defendant first contends that the trial court failed to admonish him properly before accepting his pleas of guilty and that, therefore, he should be allowed to withdraw his pleas. Supreme Court Rule 402(a) provides in part:

"The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." (134 Ill. 2d R. 402(a).)

These requirements need only be substantially complied with to satisfy due process requirements. (*People v. Walker* (1985), 109 Ill. 2d 484, 498.) Defendant argues that the trial court failed to admonish him properly of the nature of the crime and the minimum and maximum sentences to which he could be sentenced.

■ We need only address the admonishment regarding the minimum and maximum sentences available. The State agrees that defendant was not so admonished during the hearing at which he pleaded guilty. However, the State argues that defendant was admonished about sentencing possibilities at his arraignment nine months prior to the guilty plea hearing and that such admonition was adequate. Our supreme court has held that the entire record is to be considered in determining whether the defendant understands the nature

of the charges to which he is pleading and the sentences that may be imposed. (See *People v. Walker* (1985), 109 Ill. 2d 484, 499.) However, it has been long held that admonitions given at proceedings prior to guilty plea proceedings do not amount to substantial compliance with Rule 402. (See, *e.g., People v. Culbertson* (1987), 162 Ill. App. 3d 319, 321-22; *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 426-27; *People v. Porter* (1978), 61 Ill. App. 3d 941, 945.) We, therefore, conclude that defendant was not properly admonished about the possible minimum and maximum sentences. The record contains no evidence that defendant was told of the minimum and maximum sentences any time after the arraignment, which was held nine months earlier. The decision to enter a guilty plea is crucial for a defendant; the trial court must determine that the plea was understandingly and intelligently made. (*Porter*, 61 Ill. App. 3d at 945.) Accepting a plea made in response to an admonishment given nine months prior violates the purpose of Rule 402 and does not substantially comply with its requirements. A court cannot rely on prior hearings or trial counsel for proper admonishment of a defendant. While Rule 402 only mandates "substantial compliance" with its requirements, the court here never even mentioned the sentencing possibilities. Noncompliance does not equal substantial compliance.

Furthermore, the equities of this case lie with defendant. Defendant first attempted to withdraw his guilty pleas only three weeks after the plea was made and three months before sentence was passed. This is not an instance where the defendant attempted to withdraw his pleas only after receiving a sentence not to his liking. Fairness dictates that defendant be allowed to withdraw his guilty pleas and face trial.

Because of our disposition of this issue, we need not address defendant's other contentions.

For these reasons, the judgment of the circuit court of Lake County is vacated, and the cause is remanded. The trial court shall allow defendant to withdraw his guilty pleas and stand for trial.

Vacated and remanded.

NICKELS and UNVERZAGT, JJ., concur.