THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILL J. DAY, Defendant-Appellant.

Second District   No. 2—98—0718

Opinion filed February 1, 2000.

G. Joseph Weller and Linda A. Johnson, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and David A. Hibben, of Chicago, for the People.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

In December 1994, defendant, Will J. Day, entered a negotiated plea of guilty to aggravated battery with a firearm (720 ILCS 5/12—4.2 (West 1994)) and agreed to a 15-year prison sentence. The State agreed to dismiss other pending charges against him including a mob action charge. Defendant filed timely *pro se* motions to withdraw his plea and vacate the judgment and to reduce his sentence. Defendant's appointed counsel made changes to defendant's claims and presented a modified motion to withdraw the plea in accordance with Supreme Court Rule 604(d). 145 Ill. 2d R. 604(d).

Among other things, defendant claimed that in entering his guilty plea he was misled by his attorney regarding the terms and length of the sentence. He claimed that trial counsel promised him that, with credit for time served and good time, he would be released in three to four years. He had to accept the State's offer because counsel advised him that his witnesses would not be believed at trial and that, if he were convicted after a trial, he would receive a 30-year prison sentence. He also informed his counsel that he was not guilty. He asserted that, but for his attorney's insistence on entering a guilty plea, he would not have entered it.

Defendant also claimed that he was misled about the burden of proof needed for conviction. He asserted that the trial court did not properly admonish him of his rights so that he did not understand that he was waiving his right to a trial, and he was misled as to the State's burden of proof beyond a reasonable doubt. The circuit court denied defendant's motion after a hearing on June 23, 1997, and defendant appealed to this court. On August 7, 1997, this court summarily dismissed the initial appeal and remanded the cause for a hearing on the pending motion to reduce sentence. After the denial of this motion, defendant filed a timely notice of appeal in this cause on June 3, 1998.

On appeal, defendant argues that the trial court failed to admonish him properly under Supreme Court Rule 402 (177 Ill. 2d R. 402) and failed to determine whether his plea was voluntary. He asserts that he was prejudiced as a result. He requests that his conviction be reversed and that the matter be remanded to allow him to plead anew. Alternatively, he requests a reduction in his sentence.

We agree that the trial court failed to comply substantially with Rule 402 and that defendant was prejudiced as a result. See *People v. Davis*, 145 Ill. 2d 240, 250 (1991) (also finding improper admonishment regarding possible sentence reviewable as plain error); *People v. Packard*, 221 Ill. App. 3d 295, 296-97 (1991). We reverse the orders of

the circuit court denying his postjudgment motions, and we remand the cause for further proceedings. The trial court shall allow defendant to withdraw his plea, vacate his conviction and sentence, and permit him to plead anew.

At the time defendant entered his plea, Rules 402(a) and (b) provided in pertinent part:

"(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) Determining Whether the Plea is voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary *** by questioning the defendant personally *** and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 134 Ill. 2d Rs. 402(a), (b).

Defendant pleaded guilty to a Class X offense having a sentencing range of 6 to 30 years' imprisonment. 730 ILCS 5/5—8—1(a)(3) (West 1994). The sentence also included a three-year term of mandatory supervised release (MSR). 730 ILCS 5/5—8—1(d)(1) (West 1994).

Our review of the record shows that the court erred in a number of ways at the plea hearing. The *court* did not personally inform defendant of the nature of the charge, of the minimum and maximum sentences prescribed by law, or of the three-year MSR that would attach to the 15-year sentence. The court did not ascertain whether any promises were made other than the agreement to induce the plea and did not advise defendant that he had a right to plead not guilty or that he could persist in his plea. Furthermore, the record discloses that defendant had a limited educational background, having been a special education student who only reached the ninth grade. When he informed the court that his reading was a little "shaky," the court asked *defense counsel* to read the guilty plea form aloud. The form

that defendant signed stated that he gave up his right to any trial, with or without a jury, and that he was pleading guilty of his own free will.

The court did not explain that defendant was giving up his right to be confronted with the witnesses against him. Although the court noted that the State would have to prove him guilty beyond a reasonable doubt, the court then made confusing statements regarding the burden of proof that would be required. The court asked defendant, "Do you understand you have to persuade all 12 people on a jury of that?" Then the court asked, "Is it your understanding if we were to try the case and the State does have some evidence against you so you might be found guilty?" Defendant answered: "What?" The court then asked: "Do you understand or do you believe it to be true that the State does have some evidence against you?" Defendant responded, "I feel that my witnesses ain't going to show up. I ain't got a chance to win it." This colloquy is nothing less than confusing and shows that defendant was not properly advised of the State's burden of proof and of defendant's right to confront the witnesses against him. Defendant testified that he was confused by the admonitions.

The issue before this court is whether the court abused its discretion in denying defendant's motion to withdraw his plea. *Davis*, 145 Ill. 2d at 244. We conclude that the court abused its discretion in this case. Rule 402 was adopted to insure compliance with the due process requirement that a plea of guilty must be affirmatively shown to be voluntarily and intelligently made before it can be accepted. *People v. Kidd*, 129 Ill. 2d 432, 443 (1989). The record must disclose that the consequences of a guilty plea have been *fully* explained to a defendant before the plea may be permitted to stand. *Kidd*, 129 Ill. 2d at 444. The court's inadequate admonitions and confusing questions do not satisfy the due process requirements for guilty pleas, and the plea cannot stand.

While the failure to admonish a defendant properly does not automatically provide the basis to reverse a judgment or vacate a plea (*Davis*, 145 Ill. 2d at 250), the errors in this case are sufficiently serious that we cannot say that the plea was voluntarily and intelligently made. Due process is violated where a court admonishes a defendant that he will receive a shorter sentence than he actually receives; this includes the failure to advise a defendant of the three-year MSR attached to his sentence. See *People v. Smith*, 285 Ill. App. 3d 666, 670 (1996). The failure to advise a defendant of the minimum and maximum sentences warrants vacatur and remand (see *Kidd*, 129 Ill. 2d at 446-47), especially where the defendant timely attempts to vacate his plea (see *People v. Packard*, 221 Ill. App. 3d 295 (1991)).

The State notes that defendant was represented by counsel, and there was testimony at the hearing on the motion by defense counsel that he advised defendant of the range of the sentence. He denied telling defendant that defendant would receive a 30-year prison term if he went to trial and was convicted. Counsel stated, "I told him the range of sentencing, which I'm sure included the upper end." The State seems to suggest that counsel's advice to defendant may serve to cure the errors. However, courts have rejected the argument that counsel's advice is a substitute for the required admonishments. It is the duty of the court to address the defendant personally on the record and to ascertain that he understands the consequences of his plea. *People v. Tripp*, 248 Ill. App. 3d 706, 717-18 (1993) (vacating conviction and remanding for defendant to plead anew); *Packard*, 221 Ill. App. 3d at 297.

In sum, the admonishments did not comply with Rule 402. The court failed to advise defendant of the nature of the offense, the range of the possible sentence, and of the additional requirement that a three-year term of mandatory supervised release would be added to the sentence. The court did not explain, except in the most cursory manner, the rights that defendant was giving up by foregoing a trial. The court failed to explain clearly the State's burden of proof and defendant's right to confront witnesses. The court also failed to inquire sufficiently regarding the voluntariness of his plea. Based on our reading of *Davis*, *Kidd*, *Smith*, *Tripp*, and *Packard*, we believe that the equities lie with defendant and that he must be allowed to withdraw his plea and plead anew.

For the reasons stated, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings. The circuit court shall allow defendant to withdraw his plea, vacate his conviction and sentence, and permit him to plead anew.

Reversed and remanded with directions.

INGLIS and GEIGER, JJ., concur.