2020 IL App (1st) 18-1058-U

FIRST DIVISION
December 28, 2020

No. 1-18-1058

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 17 DV 71095 |
| | ) | |
| | ) | |
| LEON SERDIN | ) | Honorable |
| | ) | James Patrick Murphy |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE PIERCE delivered the judgment of the court.
JUSTICE COGHLAN concurred in the judgment.
PRESIDING JUSTICE WALKER dissented.

**ORDER**

¶ 1    *Held*:    Defendant was not denied his right to present a defense, nor was he denied a fair sentencing hearing.

¶ 2    Defendant, Leon Serdin, was charged in a single count complaint with the offense of domestic battery and pled guilty in exchange for a sentence of 12 months of probation with domestic violence classes. Defendant timely moved to withdraw his plea and argument was heard on the motion, which was denied. Defendant now appeals and argues that his motion to withdraw his guilty plea should have been allowed because the trial court's failure to admonish

him of the potential employment consequences of his guilty plea, as required by section 113-4 of the Code of Criminal Procedure (Code)  (725 ILCS 5/113-4(c) (West 2016)), violated a mandatory statutory provision, or, alternatively, because accepting the plea after the inadequate admonishments resulted in a manifest injustice.  For the following reasons, we affirm the trial court's denial of his motion to withdraw his guilty plea.

¶ 3                                         BACKGROUND

¶ 4     On June 7, 2017, defendant was represented by counsel when he accepted the State's offer to plead guilty to one count of domestic battery in exchange for a sentence of 12 months of probation, with the condition that he attend domestic violence classes, pay court fines and fees, and a modification of the order of protection to allow contact with his daughter.

¶ 5     The court read the charge against the defendant and defendant acknowledged that he understood the nature of the charge against him. The court then restated the terms of the sentence to the defendant and defendant acknowledged that those were the correct terms. Defendant asked the court about the modification of the order of protection and the defendant, his attorney, the Assistant State's Attorney, and the court had a conversation regarding the modification of the order of protection. Following the conversation, defendant indicated that he understood the terms of the plea.   The court asked the defendant if he wanted to plead guilty and receive the sentence and defendant said "yes." The court then asked defendant if he understood that by pleading guilty, he was waiving his right to plead not guilty and have either a bench or a jury trial. At that point, defendant requested to have a conversation with his lawyer.

¶ 6     After a discussion with his lawyer, defendant indicated that he wished to keep going. The court then again asked the defendant if he understood that if he pled guilty, he would be

waiving or giving up his right to plead not guilty and have either a bench or jury trial. The court asked defendant if he understood what a jury trial was and defendant explained what he believed a jury trial was. The court then explained to defendant what a jury trial was, and defendant responded, "[r]ight, right, right." The court continued to explain what a jury trial was and asked defendant if he understood and defendant responded "yes." The court asked defendant if he understood that he would be giving up his right to a jury trial when he pled guilty, and defendant responded "yes."

¶ 7     The court then asked defendant about his jury trial waiver and defendant acknowledged his signature on the jury waiver and that he understood he was formally giving up his right to a jury trial.  The court asked defendant if he understood that he was also giving up his right to a bench trial, explained what a bench trial was, and asked defendant if he understood and defendant stated "yes."  The court then asked defendant if he understood that by pleading guilty he gave up his right to have a trial, to hear witnesses, to cross examine them, to call his own witnesses, or say nothing and make the State prove him guilty beyond a reasonable doubt and defendant acknowledged that he understood. The court explained the sentencing range of up to 364 days of imprisonment and a fine up to $2,500 or a combination of imprisonment and a fine, and defendant acknowledged he understood.

¶ 8     Defendant reiterated his wish to plead guilty and denied that anyone threatened or promised him anything to get him to plead guilty. Defendant acknowledged he was pleading guilty of his own free will. The court found a factual basis existed for the plea and accepted the factual basis for the plea. The court then found the defendant's plea freely and voluntarily made, accepted defendant's plea, and entered judgement. The court sentenced defendant to the terms

agreed upon and admonished defendant of his appeal rights that included the procedural requirement of filing a motion to withdraw guilty plea. The court then read the defendant the order of protection terms and defendant acknowledged he understood.

¶ 9    Defendant then asked the court "[a]s far as when you said 30 days if I wanted to waive it or appeal it again, at that point the 30 day mark is it a bench trial or a jury trial or is that up to your discretion?" The court then summarized the defendant's rights stating that the defendant had 30 days to file a motion to withdraw a guilty plea and that the defendant had a right to an attorney on that motion.  The court further explained what would happen to the motion if it was granted or denied. The court also explained that the defendant was the only one that could make the decision of whether to have a bench or a jury trial.

¶ 10    Defendant then asked if he could file the motion in any court or if it had to be in that particular court. The court told defendant he could file it anywhere, but that it ultimately would end up in the same courtroom before the same judge.  The court then explained defendant's appeal rights if his motion to withdraw was denied and defendant responded that he understood.

¶ 11    Two days later, on June 9, 2017, defendant filed a motion to withdraw his guilty plea citing misinformation as the basis.  Defendant appeared before the court on June 19, 2017, and the court asked what defendant had been misinformed about. Defendant responded, "[t]hrough a third party me and the Respondent, the female that was involved."  Defendant then explained that he and the victim had spoken and decided the victim would drop the case but that his lawyer had not mentioned the victim would drop the case. The court explained to defendant that his lawyer may not have mentioned it because a complainant cannot drop charges, only the state's attorney may do that. Defendant told the court that he has a bachelor's degree and is working on

a master's degree. Defendant and the court then had a conversation regarding the defendant's need to bring in a lawyer for the motion and that it may be a lawyer of the defendant's choosing. The case was continued to August 21, 2017.

¶ 12 On August 21, 2017, Attorney Frank Avila filed his appearance on behalf of the defendant. The case was continued several times. On December 14, 2017, the court and the State indicated that they had not yet received an amended motion to withdraw the guilty plea from the defense. Attorney Avila was not in court and the case was continued to the following day. Defendant's "Amended Motion to Vacate Judgement/Plea of Guilty" was filed on December 15, 2017.

¶ 13 A hearing was held on the defendant's "Amended Motion to Vacate Judgement/Plea of Guilty" on January 9, 2019. After hearing defendant's testimony and the arguments from the State and defense counsel, the court denied the motion, ruling on each allegation of the defendant's motion, summarizing at the end of its ruling, by stating:

> "…My reading of this transcript is that [defendant] didn't want to go to trial, didn't want
> to plead guilty so he made up an option. And that option was I plead guilty and then I
> immediately move to withdraw it. That's how I see the file. And that's not going to work.
> Because the plea to me was voluntary and you can't just change your mind. I don't think
> it's really a change of mind. I think [defendant] entered the plea of guilty fully intending
> to withdraw later on because he didn't want to face the consequences of a trial if he were
> found guilty. Which is exactly what his lawyer presented him. And because he did not
> like what his lawyer told him, we are here today. And that's not a reason to withdraw a
> plea of guilty. To me this plea was entered knowingly and voluntarily…."

¶ 14    The court then gave defendant his appeal rights.  This appeal followed.

¶ 15                                    ANALYSIS

¶ 16    Defendant argues the trial court erred in denying his motion to withdraw his guilty plea because the court's failure to admonish him under section 113-4 of the Code violated a mandatory statutory provision.  In the alternative, defendant argues that accepting the plea after the inadequate admonishments resulted in a manifest injustice. However, before we reach the merit of defendant's argument, we must address the State's argument that defendant has forfeited this issue because he failed to raise it as a basis to withdraw his guilty plea.

¶ 17    We note initially that issues not raised in a motion to withdraw a plea of guilty are waived on appeal. (134 Ill.2d R. 604(d).)  In this case, after a fully negotiated plea, defendant moved *pro se* to withdraw his guilty plea stating that he was misinformed of the consequences of his plea.  That argument was later supplemented in an eight paragraph "Amended Motion to Vacate Judgement/Plea of Guilty" prepared by defendant's retained attorney.  Our review of that motion, and the subsequent hearing on the motion, shows that no argument was made that the trial court's admonishments to defendant were deficient in any way.  Although defendant did contend in his post-trial motion that, "the results to the [d]efendant's career, chosen profession, reputation and future are not just and equitable" and "[t]he [d]efendant is pursuing a career as a Physician's Assistant and works in the medical field and he could be precluded from certain jobs because of this case,"  these statements cannot be construed as a claim of deficient admonition. Consequently, we find that defendant forfeited this issue by failing to raise it in his motion to withdraw his guilty plea or during the hearing on his motion to withdraw his guilty plea.

6

¶ 18    Forfeiture aside, defendant's argument still fails. Section 113-4 of the Code (725 ILCS 5/113-4 (West 2016)) provides, in part, as follows:

"(a) When called upon to plead at arraignment, the defendant shall be furnished with a copy of the charge and shall plead guilty, guilty but mentally ill, or not guilty.

(b) If the defendant stands mute a plea of not guilty shall be entered for him and the trial shall proceed on such plea.

(c) If the defendant pleads guilty such plea shall not be accepted until the court shall have fully explained to the defendant the following:

(1) the maximum and minimum penalty provided by law for the offense which may be imposed by the court;

(2) as a consequence of a conviction or a plea of guilty, the sentence for any future conviction may be increased or there may be a higher possibility of the imposition of consecutive sentences;

(3) as a consequence of a conviction or a plea of guilty, there may be registration requirements that restrict where the defendant may work, live, or be present; and

(4) as a consequence of a conviction or a plea of guilty, there may be an impact upon the defendant's ability to, among others:

(A) retain or obtain housing in the public or private market;

(B) retain or obtain employment; and

(C) retain or obtain a firearm, an occupational license, or a driver's license.

After such explanation if the defendant understandingly persists in his plea it shall be accepted by the court and recorded."

¶ 19    In this case, when accepting defendant's guilty plea, the trial court did not advise defendant of the various consequences listed under section 113-4(c) because the court was not required to do so.  Section 113-4 explicitly states that its requirements relate to pleas of guilty at arraignment.  *People v. Phillips*, 142 Ill. 2d 189, 195 (2011) ("[s]ection 4 of article 113 of the Code governs when a defendant is called upon to plead at arraignment."); See also *People v Burge*, 2019 IL (4th) 170399,  PLA GRANTED March 25, 2020, 144 N.E.3d 1181 (Table) (section 113-4 applies to guilty pleas taken at arraignment).

¶ 20    Defendant did not enter his plea of guilty at the arraignment stage.  Rather, defendant entered his guilty plea after arraignment and therefore any required admonitions were governed by Illinois Supreme Court Rule 402 (eff. July 1, 2012).  Rule 402 provides a series of admonishments which must be given at the time of "hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict." Illinois Supreme Court Rule 402 (eff. July 1, 2012). There is no question that a guilty plea entered at arraignment must comply with Rule 402 because admonishments given under section 113-4(c) are missing one major component found in Rule 402: "that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her; or that by stipulating the evidence is sufficient to convict, he or she waives the right to a trial by jury and the right to be confronted with any witnesses against him or her who have not testified." Ill. S. Ct. R. 402(a)(4) (eff. July 1, 2012).

¶ 21    In *People v. Packard*, 221 Ill. App. 3d 295, 297 (1991), the Second District found

admonishments given at arraignment were not sufficient since "admonitions given at proceedings prior to guilty plea proceedings do not amount to substantial compliance with Rule 402." As a result, the court remanded the defendant's case to allow him to withdraw his plea, where the State sought to rely on admonishments given at arraignment regarding the possible minimum and maximum sentences, which were not otherwise covered at the time of the plea. *Packard*, 221 Ill. App. 3d at 297.

¶ 22    Similarly, in *People v. Louderback*, 137 Ill. App. 3d 432, 435-36 (1985), this court found admonishments given at arraignment could not be relied upon to remedy the lack of required admonishments at a subsequent hearing on a plea of guilty and did not amount to substantial compliance with Rule 402. In a lengthy discussion of substantial compliance with Rule 402, as well as a listing of Illinois cases reviewing substantial compliance, this court in *People v. Sutherland*, 128 Ill. App. 3d 415, 425-26 (1984), reiterating its holding in *People v. Porter*, 61 Ill. App. 3d 941, 945 (1978), stated that " '[t]o hold that admonitions given at earlier proceedings in a particular case or in other concurrent cases carry over to a subsequent hearing on a plea of guilty violates the spirit and purpose of Rule 402.' " *Sutherland*, 128 Ill. App. 3d at 425 (quoting *Porter*, 61 Ill. App. 3d at 945).

¶ 23    Substantial compliance with Rule 402 is what is required for all pleas of guilty. The court in this case substantially complied with Rule 402.  Defendant has made no argument otherwise. We therefore find that no error occurred.

¶ 24                                  CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 26    Affirmed.

¶ 27    PRESIDING JUSTICE WALKER, dissenting.

¶ 28    I must respectfully dissent because I disagree with my colleagues' conclusion that when a plea is taken at any time other than the arraignment, the trial court is not required to admonish defendant of the various consequences listed under section 113-4(c) of the Code of Criminal Procedure (725 ILCS 5/113-4(c) (West 2016)). I also disagree that the issue was waived because Mr. Serdin stated in his motion to withdraw his guilty plea that he was not aware of the consequences. He timely moved to withdraw his plea, and cited misinformation as the basis. Obviously, he was unaware of the consequences of his plea because the trial court erred when it failed to properly admonish him. Mr. Serdin also argued that accepting his plea after the inadequate admonishment resulted in a manifest injustice.  I agree.

¶ 29    Here, the majority finds that the admonishments required under section 113-4(c) of the Code did not apply to defendant because he "did not enter his plea of guilty at the arraignment stage." To support this conclusion, the majority relies on the supreme court ruling that section 113-4 admonishments should be given at the time of arraignment. *Phillips*, 242 Ill. 2d 189, The majority misinterprets the supreme court's statement in *Phillips* to imply that section 113-4(c) admonishments "only" apply at arraignment. The majority is assuming a limitation that our supreme court has not created.  In addition, our supreme court has stated, "[s]ection 113-4 of the Code of Criminal Procedure requires that a defendant's plea of guilty 'shall not be accepted until the court shall have fully explained to the defendant the consequences of such plea and the maximum penalty provided by law for the offense which may be imposed by the court.' " *People v. Medina*, 221 Ill. 2d 394, 406 (2006). While the section 113-4(c) admonishments should be

given when a plea is taken at arraignment, that is not the only stage at which the 113-4(c) admonishments are required.

¶ 30    The legislative history of section 113 shows legislature intended the collateral admonishments to apply at any guilty plea hearing. Senator Link explained to the legislature during the 99th General Assembly, "[T]his bill just requires judges to explain consequences that may result from a conviction or a plea deal - - a guilty plea and requires that judges inform the defendants of future consequences that may exist due to the conviction or the guilty plea." State of Illinois 99th General Assembly, Senate Tr. (May 26, 2016, pp. 25-26). There is no language in the legislative history of the bill that suggests admonishments be limited to arraignment.

¶ 31    I also find our supreme court's analysis in *People v. Delvillar*, 235 Ill. 2d 507 (2009), instructive in determining the legislative intent. In *Delvillar,* the case involved a defendant who agreed to plead guilty to one count of aggravated unlawful use of a weapon by a felon in return for a sentence recommendation. *Delvillar,* 235 Ill. 2d at 513, 516. Defendant later filed a motion to withdraw his guilty plea on the grounds that he was not a United States citizen, and that the trial court failed to admonish him of the potential immigration consequences of his plea. *Id.* The statute at issue in *Devillar,* section 113-8, falls under the arraignment title of the code, just as the statute implicated in the case *sub judice*. The supreme court determined the legislative intent by focusing on rights the statute intended to protect. *Delvillar*, 235 Ill. 2d at 518. The supreme court concluded the legislature believed the admonishments were "important to a defendant when making his decision to plead guilty." *Id.* Our supreme court did not limit the consideration of defendant's guilty plea at the arraignment, and I see no need to do so here.

¶ 32    Because the trial court failed to admonish Mr. Serdin under section 113-4, he was not aware of the consequences of his guilty plea. He subsequently advised the trial court that he has a bachelor's degree and is working on a master's degree. Mr. Serdin contended in his motion that, "the results to [his] career, chosen profession, reputation and future are not just and equitable" and "[he] is pursuing a career as a Physician's Assistant and works in the medical field and he could be precluded from certain jobs because of this case." I would find that Mr. Serdin raised the deficient admonition in his motion, and the trial court should have recognized and acknowledged the court's error.  Had the court done so, the plea would have been vacated. I find Mr. Serdin did not waive the trial court's error.  I also find that section 113-4(c) admonishments are required when a defendant pleads guilty at any stage in the proceedings, and I would reverse the trial court's ruling and allow Mr. Serdin to vacate his guilty plea. Therefore, I respectfully dissent.