2022 IL App (2d) 210280-U
No. 2-21-0280
Order filed June 27, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-1157 |
| ALBERTO GONZALEZ JIMENEZ, | ) ) ) | Honorable Alexander F. McGimpsey III |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  As there is no meritorious issue to raise on appeal, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

¶ 2    Defendant, Alberto Gonzalez Jimenez, entered a negotiated guilty plea to first-degree murder (720 ILCS 5/9-1(a)(2) (West 2014)) and aggravated battery (*id.* § 12-3.05(a)(1)) in connection with the 2005 fatal stabbing of Tehavis Price and the nonfatal stabbing of Verkita Vargas. The trial court sentenced him to an aggregate 32 years in prison—4 years below the aggregate sentencing cap to which the State had agreed. Defendant filed a motion to withdraw his guilty plea and vacate the judgment or reconsider his sentence. Later, he filed an amended motion

seeking the same relief. He argued that his sentence was excessive because the trial court failed to consider various mitigating factors. However, he did not present any basis for withdrawing his guilty plea. Likewise, at the hearing on the motion, defendant argued strictly that his sentence was excessive and did not present any grounds for withdrawing his plea. The trial court denied the amended motion, finding no "legal basis to allow the withdrawal of the plea of guilty." Defendant filed a timely notice of appeal, and the trial court appointed the Office of the State Appellate Defender.

¶ 3    Per *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moves to withdraw as counsel. In his motion, counsel states that he read the record and found no issue of arguable merit. Counsel further states that he advised defendant of his opinion. Counsel supports his motion with a memorandum of law providing a statement of facts and an argument as to why this appeal presents no issue of arguable merit. We advised defendant that he had 30 days to respond to the motion. That time is past, and defendant has not responded.

¶ 4    Appellate counsel suggests three potential issues for appeal and concludes that none has arguable merit. We agree with counsel's assessment.

¶ 5    The first potential issue is whether postplea counsel satisfied the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) for an appeal from a judgment entered on a plea of guilty. In exchange for defendant's plea, the State agreed to dismiss several counts and recommend an aggregate sentencing cap of 36 years' imprisonment (the maximum aggregate prison sentence for the convictions was 65 years' imprisonment). Because of the State's sentencing concession, defendant's plea was a negotiated guilty plea under Rule 604(d):

> "For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has
>
> bound itself to recommend a specific sentence, or a specific range of sentence, or where the

prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." *Id.*

Rule 604(d) requires a postjudgment motion as a prerequisite to an appeal from a negotiated plea of guilty: "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." *Id.* "The purpose of the Rule 604(d) motion requirement is to permit the trial judge who accepted the plea and imposed the sentence to consider any allegations of impropriety that took place outside the record and correct any error that may have led to the guilty plea." *People v. Petty*, 366 Ill. App. 3d 1170, 1175-76 (2006). Rule 604(d) further provides that defense counsel

> "shall file a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. Rule 604(d).

The certificate requirement enables the trial court to ensure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or reconsider the sentence. *People v. Shirley*, 181 Ill. 2d 359, 361 (1998). Strict compliance with Rule 604(d) is mandatory. *People v. Gorss*, 2022 IL 126464, ¶ 19. The remedy for noncompliance is a remand to the trial court to ensure compliance. *Id.*

¶ 6     The record here shows strict compliance with Rule 604(d). Postplea counsel filed a timely motion to either withdraw the plea or reconsider the sentence. Counsel later filed an amended motion along with a certificate that closely tracked the language of the rule.

¶ 7     We recognize that a facially valid certificate is not ironclad, as the record may rebut its representations. See *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. That simply was not the case here; rather, the record corroborated postplea counsel's representations in the certificate. Counsel's initial motion made requests for relief but had no supporting argument. In contrast, counsel's amended motion contained a properly developed argument that defendant's sentence was excessive. Counsel explained at a status hearing that she had "had significant difficulty reaching [defendant] in the Department of Corrections because of [COVID-19] restrictions." However, she eventually contacted him and so was able to file the amended motion and the certificate. Counsel's remarks confirm that she consulted with defendant in the preparation of the amended motion. We agree with appellate counsel that it would be frivolous to argue that postplea counsel failed to comply with Rule 604(d).

¶ 8     The second potential issue is whether the trial court erred in denying defendant's request to withdraw his guilty plea and vacate his conviction. "Leave to withdraw a guilty plea is granted not as a matter of right, but only as required to correct a manifest injustice under the facts involved." *People v. Ferral-Mujica*, 2017 IL App (2d) 160240, ¶ 22. "Leave should be granted if it appears that (1) the plea was entered on a misapprehension of the facts or the law, (2) there is doubt as to the guilt of the accused, (3) the accused has a meritorious defense, or (4) the ends of justice will be better served by submitting the case to a jury." *Id.* The trial court's denial of leave to withdraw a guilty plea will not be disturbed on appeal unless the trial court abused its discretion. *Id.*

¶ 9    There are two reasons why it would be frivolous for appellate counsel to argue that the trial court erred in denying defendant leave to withdraw his plea. First, defendant has forfeited the issue. In his amended motion, defendant asked for leave to withdraw his plea or for reconsideration of his sentence. However, neither his amended motion nor his arguments at the motion hearing suggested any basis for withdrawing the plea. Substantively, defendant focused entirely on his sentence and its alleged excessiveness. Rule 604(d) states that "[u]pon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d). The waiver rule serves Rule 604(d)'s purpose "to ensure that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal, while memories are fresh and witnesses are available." *Gorss*, 2022 IL 126464, ¶ 15. Failure to raise claims of error before the trial court denies the court the opportunity to correct the error immediately and thereby wastes time and judicial resources. *People v. McLaurin*, 235 Ill. 2d 478, 488 (2009). Allowing defendant to present, for the first time on appeal, grounds to withdraw his guilty plea would thwart Rule 604(d) altogether.

¶ 10    Second, the record discloses no grounds for withdrawing the plea. As appellate counsel notes, the trial court, in accepting defendant's guilty plea, fully complied with Illinois Supreme Court Rule 402 (eff. July 1, 2012). The purpose of that rule is to ensure compliance with the due process requirement that a plea of guilty be affirmatively shown as voluntarily and intelligently made before it can be accepted. *People v. Day*, 311 Ill. App. 3d 271, 274 (2000). Thus, the rule requires the trial court, before accepting a plea, to (1) admonish the defendant; (2) determine whether the plea is voluntary; and (3) determine whether a factual basis exists for the plea. Ill. S. Ct. R. 402(a)-(c) (eff. July 1, 2012). The admonishment requirement entails that the trial court

apprise the defendant of and determine that he understands (1) the nature of the charges; (2) the minimum and maximum sentences; (3) that he has a right to plead not guilty, to persist in that plea if it is already made, or to plead guilty; and (4) that, by pleading guilty, he waives the right to a jury trial and to confront the witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The trial court gave these admonitions and verified that defendant understood them. Defendant also executed a jury waiver in open court.

¶ 11　Next, the court determined that the plea was voluntary by (1) reciting the terms of the plea agreement and verifying that defendant understood them; (2) confirming that defendant was not under the influence of alcohol, drugs, or medication; and (3) verifying that the plea was not induced by force, threats, or promises apart from the terms of the plea agreement. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012).

¶ 12　Finally, the court received and accepted the following factual basis. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012). On June 6, 2015, defendant attended a friend's high school graduation party in Glen Ellyn. At one point, Vargas and Price were in her vehicle as she tried to leave the driveway. Defendant, holding a knife, approached the car and stabbed Vargas nonfatally. When Price attempted to intervene, defendant stabbed him fatally.

¶ 13　Based on the foregoing, we agree with appellate counsel that there is no potential merit in arguing that defendant's plea was not knowing and voluntary. Nor does the record indicate any other nonfrivolous basis to assert that withdrawal of the plea is necessary to correct a manifest injustice. For instance, there is no suggestion of a meritorious defense or other ground for claiming defendant's innocence.

¶ 14　The third potential issue is whether the trial court should have entertained defendant's request for reconsideration of his sentence. Appellate counsel is correct that, when a defendant

pleads guilty in exchange for a cap on the length of his sentence, he cannot challenge a sentence imposed within the agreed range without first moving to withdraw his plea. See *People v. Linder*, 186 Ill. 2d 67, 68 (1999). Defendant's aggregate sentence was 32 years, which was within the agreed range. Therefore, defendant was required to seek the withdrawal of his guilty plea before challenging his sentence. As we have explained, defendant has forfeited any challenge to his plea and, in any case, the record is clear that there is no valid reason to withdraw defendant's plea.

¶ 15　　After examining the record, the motion to withdraw, and the memorandum of law, we agree with appellate counsel that this appeal presents no issue of arguable merit. Therefore, we grant counsel's motion to withdraw and affirm the judgment of the circuit court of Du Page County.

¶ 16　　Affirmed.